[No. 27656. Department One. January 26, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Amelia Helen Warmus, Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

*Edwin J. Brown, Sr. (T. M. Royce,* of counsel), for appellant.

*A. C. Van Soelen* and *John E. Sanders,* for respondents.

MILLARD, J.—This action in mandamus was instituted to require restoration to the relator of her alleged civil service standing as kitchen helper, maid, waitress, and relief cook, and to recover against the city the salary accruing to the position during the period it was wrongfully withheld from her.

At the conclusion of the relator's case, the challenge to the sufficiency of the evidence to entitle the relator

[1]Reported in 97 P. (2d) 1095.

to any relief whatsoever was sustained and decree was entered dismissing the action. The relator appealed.

The facts are summarized as follows: Appellant was regularly appointed March 18, 1922, to the civil service position of kitchen helper in the health department of the city of Seattle. May 5, 1925, a little more than three years subsequent to her civil service appointment of kitchen helper, relator, with others, underwent an examination for the position of cook in the city hospital. She passed that examination, ranking No. 16 on the eligible list as disclosed by her certificate reading as follows:

"This certifies that Amelia H. Warmus has successfully passed the civil service examination held May 5, 1925, for the position of Cook, Class H. Grade 2, with the following result: AVERAGE STANDING 77.04, RANK 16.

"She is eligible for appointment to this position for a period of 2 years from the date hereof, and will be certified in order of her rank for any vacancies to which this certificate entitles her, unless sooner appointed or removed for cause.

CIVIL SERVICE COMMISSION<br>
A. H. Grout,<br>
Secretary.

Dated May 22, 1925,
To Amelia H. Warmus,
Residing at 135 Lucille St."

Josephine Bereiter, who took the same examination for the position of cook, received a higher grade than appellant and obtained one of the positions of cook in the city hospital a short time after the examination. The other position of cook was legally occupied by May Ludlow, who had been a cook in the city hospital since August 1917.

June 12, 1925, the report of appellant's appointment June 8, 1925, to the position of non-civil service waitress was corrected by the civil service commission "to show return" of appellant "to regular position of

kitchen helper." July 1, 1926, she served as non-civil service cook on vacation relief. July 16, 1926, she returned to regular position of kitchen helper. There is an entry August 30, 1929, in her civil service record to the effect that the department's request that appellant be given regular standing as cook for relief work was granted, "based on her former eligibility and continued service as such." December 31, 1935, appellant, two cooks, and two other kitchen helpers were laid off when the city hospital was closed because of lack of funds.

Mrs. Bereiter, who was appointed cook at the city hospital by reason of the higher grade she made in the examination therefor, performed the duties of kitchen helper under an agreement with appellant, who performed the duties of cook, and Mrs. Bereiter and appellant exchanged the proceeds of their city pay warrants after cashing same. That is, appellant in this manner received the pay of a cook and Mrs. Bereiter received the lower pay of a kitchen helper. This practice continued until June 1932. Appellant testified that the superintendent informed her and Mrs. Bereiter that the only way the two could stay on the job would be to trade jobs and checks.

June 10, 1936, appellant received a temporary non-civil service appointment for vacation relief work as a maid in Firland sanatorium. She held that temporary appointment until discharged October 5, 1937. At that time, she was a temporary employee without any civil service rights, because she had never taken the examination for the position of maid. December 20, 1937, appellant filed her protest for nonemployment and prayed that she be reappointed at Firland sanatorium and given a civil service classification.

Article XVI of the city charter of Seattle provides that no appointment to any office or position

classified by the civil service commission shall be made except in accordance with the rules adopted by the civil service commission. Rule IV, § 8 of the civil service commission provides for the preparation of an eligible list, from which appointments to positions in the classified service shall be made. Section 9, Rule IV, of the civil service commission provides that an eligible list obtained from an original examination shall be in force two years, and from a promotional examination shall be in force for three years from the date eligibility becomes effective. Before the expiration of such list or any extension of that list, the civil service commission may extend the eligibility of those eligibles for not more than one year.

When the civil service commission August 30, 1929, attempted to give to the appellant "regular standing as cook for relief work, based on her former eligibility and continued service as such," the appellant was not eligible for appointment to the position of cook. Her eligibility for appointment to the position of cook was effective May 22, 1925. Under § 9, Rule IV, of the civil service commission, it is clear that her period of eligibility for appointment to the position of cook expired prior to August 30, 1929.

Appellant was never appointed to the position of cook. There is no evidence that the health department ever called for a cook at any time, or that the fifteen eligibles whose rank was higher than that of appellant were ever afforded an opportunity to accept an appointment as cook or relief cook in the city hospital.

The fact that Josephine Bereiter and the appellant traded positions and exchanged their warrants affords no basis on which to predicate any right of appellant to the position of cook or relief cook. Such practice is in violation of § 28, Art. XVI, of the charter of the city of Seattle reading as follows:

"The comptroller shall not approve of the payment of, nor shall the treasurer pay or be in any manner concerned in paying any salary or wages to any person for services as an officer or employe of the city, unless such person is occupying an office or place of employment according to the provisions of law and is entitled to payment therefor, nor shall the comptroller audit or allow the claim for services of any deputy or other person employed in the public service in violation of the provisions of this article."

It is patent that appellant is not entitled to the relief craved. The judgment should be, and it is, affirmed.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.