JOHN FOLEY *vs.* DIRECTOR OF CIVIL SERVICE.

Suffolk.   January 3, 1944. — June 26, 1944.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Civil Service.*

Under St. 1939, c. 238, the director of civil service, as "the executive and administrative head of the division," had the power formerly given to the commissioner under Civil Service Rule 12, § 2, to continue eligibility beyond two years for cause.

PETITION, filed in the Superior Court on March 6, 1943, for a writ of mandamus.

The case was heard by *Goldberg,* J. It appeared that Civil Service Rule 12, § 2, quoted in the opinion, became effective on August 1, 1922.

The petition was ordered dismissed. The petitioner alleged exceptions.

*G. K. Black*, for the petitioner.

*R. T. Bushnell*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

Qua, J.   The petitioner is a lieutenant in the police department of Boston.   His name is on a list established under the civil service law of the names of persons eligible to the office of captain.   The purpose of this petition is to prevent the director from continuing the eligibility of persons whose names are on the list for a longer period than two years.   The petitioner's interest in this matter is admitted, although the exact nature of that interest is not fully disclosed.   Doubts as to the saving of proper exceptions to present the intended questions need not be discussed, since the result will be the same if the case is decided upon its merits.

Section 2 of Civil Service Rule 12 reads, "No person shall remain eligible for more than two years upon any eligible list unless the Commissioner shall .for cause continue the eligibility beyond said period."   This rule was established before the office of commissioner, as it formerly existed under G. L. (Ter. Ed.) c. 13, § 2, was in effect abolished by St. 1939, c. 238, § 2, and the director substituted as "the executive and administrative head of the division."   No corresponding change has been made in the wording of the rule.   The main question is whether the present director can exercise under the rule the power of the former commissioner to extend the eligibility of persons on eligible lists.   We think it clear that he can.

A comparison of the provisions of the act of 1939 with those of former sections of chapters 13 and 31 of the Tercentenary Edition of the General Laws, as they existed with their amendments at the time of the passage of the later act, shows that the present director is in a general sense the successor to the former commissioner.   Many of the sections of the 1939 act are devoted simply to striking out the word commissioner in the former law and substituting the word director.   Although the powers of the director are not in all respects exactly the same as those of the former commissioner, it would seem that in most instances

where there is any change the powers of the director are greater rather than less. Both officers are described in the sections respectively creating their offices as "the executive and administrative head of the division." G. L. (Ter. Ed.) c. 13, § 2. St. 1939, c. 238, § 2. Section 50 of the 1939 act contains a general provision that, "except as otherwise provided in this act," the word commissioner, when used in any statute in reference to the commissioner of civil service, shall mean director of civil service. Section 11 of that act provides that the director shall "administer all laws, *rules* and regulations relating to the enforcement of the civil service law as applied in the commonwealth" (italics ours). And § 51 reads, "The [civil service] rules heretofore made and approved . . . in force immediately prior to the effective date of this act and not inconsistent herewith shall continue in force until other rules are adopted by the civil service commission under the provisions of this act."

In our opinion the Legislature intended that Rule 12, § 2, should continue in force as well as other rules, and that in order that it might continue in force effectively, the power of continuing eligibility on eligible lists for more than two years should be exercised by the director as "the executive and administrative head of the division" in place of the former commissioner. This is consistent and not "inconsistent" with the 1939 act. In addition to Rule 12, nearly all the other rules are filled with references to the commissioner, defining his duties and the manner of their performance. The 1939 act provides no officer except the director who is suited to the day by day administration of these rules. The Legislature could not have intended that administration should fail. On the contrary it clearly expressed its intention that the rules should continue in force and made it abundantly clear that the director should administer them.

An exception to the denial of the petitioner's motion to amend his petition is rendered unimportant by the grounds of this decision.

*Exceptions overruled.*