STATE EX REL. MICHAEL R. CHERNESKY ET AL. *v.*
CIVIL SERVICE COMMISSION OF THE CITY OF
BRIDGEPORT ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 9—decided July 13, 1954

*Vincent P. Adley,* for the appellants (plaintiffs).

*John V. Donnelly,* for the appellees (defendants).

O'SULLIVAN, J. There is no dispute between the parties as to the facts. They can be summarized as follows: In 1935 the General Assembly established by special act a civil service system for the city of Bridgeport. 22 Spec. Laws 261. Since then, all positions in the municipal fire department have been in the competitive division of the classified service under the administration of the named defendant, hereinafter called the commission. By amendments in 1943 and 1945, the commission is required, except in one situation which is not pertinent, to add five points to the earned rating received by an honorably discharged war veteran on any promotional examination he may have taken, and ten points if he has a service-connected disability. 24 Spec. Laws 212, 789.

On December 3, 1949, the commission held an examination for the purpose of preparing an eligibility list for the position of lieutenant in the fire department. Among those participating were the seven plaintiffs, all honorably discharged war veterans and hence entitled to the preference points. Forty candidates, including the plaintiffs, passed the examination, and on March 20, 1950, they were listed in the order of their respective earned ratings. The list was posted in a book maintained for that purpose in the office of the defendant Linley, the commission's personnel director, and each person who had thus become eligible for promotion was immediately notified of his rating and of his numerical position on the list.

There were four subjects covered by the examination. One of them required a written test. Acting under an opinion rendered by the city attorney on June 15, 1944, the commission added preference points only to the rating received by an honorably discharged war veteran on the written test. On July 8, 1952, the Supreme Court of Errors handed down an opinion in the case of *State ex rel. Higgins* v. *Civil Service Commission,* 139 Conn. 102, 90 A.2d 862. It was therein determined that the method used by the commission in applying the preference points was incorrect and that the points should be added to the rating received on each subject.

Under § 9 of the civil service act, the life of the eligibility list was limited to two years. 22 Spec. Laws 264, § 9. In March, 1952, it ceased to exist as a list from which certifications of appointment to the position of fire lieutenant could be made. While the list was in force, those whose names were recorded from 1 to 24, inclusive, were certified in the order of their standing to the board of fire commis-

sioners and, by that board, were subsequently appointed as fire lieutenants. The sequence in which the plaintiffs' names, according to their numerical standing, appeared on the list was as follows: Parks, 26th; Chernesky, 27th; McNamara, 28th; Moore, 29th; Turner, 30th; Evers, 31st; Hurley, 33d. Had the correct method of applying the preference points been used, they would have stood 7th, 17th, 19th, 20th, 25th, 28th and 29th, respectively. Under that method, the names of Parks, Chernesky, McNamara and Moore would have been in the first twenty-four, and hence those men would have been certified in place of four others.

At no time while the list was in effect did any of the plaintiffs protest that it did not correctly set forth the relative standing of the persons appearing thereon, nor did any of the plaintiffs demand appointment in the place of any others who were certified. It was not until August 20, 1952, that the plaintiff Chernesky sent a letter to the commission asserting his grievance as to his standing on the eligibility list.

The plaintiffs, in bringing this action,[1] sought an order, in the nature of a mandamus, requiring the defendants to restore them "to a status of eligibility for appointment to the position of lieutenant in the Fire Department of the City of Bridgeport." The court found the issues for the defendants, and from the judgment rendered thereon the plaintiffs have appealed.

There are several weaknesses in the plaintiffs' position, but only one need be discussed since it is de-

---

[1] The judgment file contains an inapt statement. It reads that "it is Adjudged that this application for the issuance of a writ of mandamus be and it hereby is denied." The file should have recited in lieu thereof that "it is adjudged that the plaintiffs' request for an order in the nature of a mandamus be and it hereby is denied."

terminative of the appeal. The civil service act passed by the General Assembly for the city of Bridgeport regulates all phases of appointment to and of promotion in the fire department. 22 Spec. Laws 261. Whatever rights the plaintiffs have respecting their status in that department are derived from that act. In addition to serving as a source of rights, the act imposes upon some of them a limitation which must be judicially honored as long as it is reasonable and does not interfere with vested interests acquired by the departmental personnel. The particular limitation to which we refer is that set forth in the provision terminating the eligibility lists at the end of two years. 22 Spec. Laws 264, § 9. In seeking to assert rights claimed by them under the act, the plaintiffs are also bound by the limitation which it imposes.

The act requires that the commission conduct competitive examinations from time to time in order to obtain a list of those who have manifested their qualification for promotion. Ibid. This requirement advances the cause of civil service, which insists that the public interest will be best served if promotions, as well as original appointments to municipal offices, are made from those who, by examination, have shown themselves to be best qualified. *Stowe* v. *Ryan,* 135 Ore. 371, 382, 296 P. 857; *McCartney* v. *Johnston,* 326 Pa. 442, 446, 191 A. 121; 3 McQuillin, Municipal Corporations (3d Ed.) p. 290; 10 Am. Jur. 922, § 2. It does not follow, however, that an individual acquires permanency of eligibility merely because he passed an examination held to obtain a list of those capable of qualifying for original or promotional appointment. One who could demonstrate his ability, say, in 1949, to perform the duties of an office higher than that he then held, might, for

a wide variety of reasons, be incompetent to do so a few years later. A limitation upon the time during which an eligibility list remains effective is in the public interest. That interest is fostered by requiring those remaining upon a list to resubmit themselves after a lapse of time to demonstrate anew their fitness for original or promotional appointment. For the foregoing reasons, a limitation on the life of an eligibility list represents a well-established policy of the merit system. McQuillin, op. cit., p. 305; see General Statutes, § 331, placing an elastic limitation of from six months to three years on lists under the state system. The limitation is reasonable and, in the case at bar, does not interfere with any vested interests.

In furtherance of that policy, the act before us provides that the "commission shall cancel such portion of any list as has been in force for more than two years." 22 Spec. Laws 265. By virtue of this provision, the list on which the names of the plaintiffs appeared, following the examination of December 3, 1949, expired in March, 1952. There is therefore no list presently in effect upon which their names can be placed, nor is there any provision in the act for the revivification of a list which the passage of time has terminated.

Recognizing this dilemma, the plaintiffs, in their amended prayer for relief, seek an order that they be restored "to a status of eligibility for appointment to the position of lieutenant in the Fire Department." But, under § 11 of the act, appointments to that position can be made only from an eligibility list. 22 Spec. Laws 266. To grant the relief sought, the court would, in effect, be required to establish an entirely new list. The court has no power to do this and, even had such authority been granted by

the General Assembly, its validity would indeed be subject to grave doubt, since administrative power cannot be delegated to the judiciary. *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 644, 30 A.2d 547.

It may be unfortunate for the plaintiffs that they neglected to question the correctness of their standings on the eligibility list while it remained in force. Their failure to act at that time disposed of their right to the relief which they now request. *Matter of Woods* v. *Finegan,* 246 App. Div. 271, 272, 285 N.Y.S. 277; *State ex rel. Warmus* v. *Seattle,* 2 Wash. 2d 420, 423, 97 P.2d 1095; see *Foley* v. *Director of Civil Service,* 316 Mass. 550, 552, 56 N.E.2d 9.

There is no error.

In this opinion the other judges concurred.