[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiffs are seeking an order of mandamus to compel the defendant board to appoint two certified candidates to the position of police officer for the City of New Britain.
The factual situation is not in dispute. On October 6, 1988, the Civil Service Commission of the City of New Britain certified Police Officer Employment List No. 765, which contained the names of all persons who had passed the required examinations for the position of police officer. Under the rules of said Civil Service Commission (Rule V.D.), a certified employment list shall be in effect for one year from the date of its establishment.
On various occasions during 1989, defendant Board of Police Commissioners received lists of the top candidates for consideration for employment as police officers, each list containing at least two more names than the total number of vacancies to be filled. In response to the defendant Police Commission's request, the Personnel Director, on September 6, 1989, CT Page 609 forwarded a list of five names for consideration for three vacancies. The names of the three plaintiffs were on that list.
At a meeting on October 3, 1989, defendant Board of Police Commissioners appointed one individual to the position of police officer. Subsequent to said appointment, a commission member left the meeting due to an emergency situation at his place of employment. Without a quorum being present, defendant Board was unable to make any further appointments for the remaining two vacancies.
On October 4, 1989, the Personnel Director of the City of New Britain requested an opinion from the Corporation Counsel whether it is necessary for the Civil Service Commission to extend employment list #765 if the Board of Police Commissioners is unable to make the required appointments on or before October 6, 1989, the date on which said employment list was to expire. In response to the aforesaid inquiry, the office of Corporation Counsel advised that it was not necessary to extend said list and that the Board had a mandatory duty to make two appointments from amongst the four remaining certified candidates. As a result of this response, the Personnel Director advised the aforesaid candidates that they were still active candidates for appointment as police officers.
At subsequent meetings of defendant Board, no action was taken concerning the appointments of two police officers to fill existing vacancies and said Board requested further clarification from the Corporation Counsel with regard to the expiration of employment list #765 and whether said Board can reject anyone on the certified list. On January 25, 1990, the Corporation Counsel (newly appointed since the previous opinion was requested) advised that employment list #765 had expired and that the Board was precluded from making any appointments from that expired list. In this opinion, the Corporation Counsel relied on the authority of State ex rel. Chernesky v. Civil Service Commission, 141 Conn. 465 (1954) and State ex rel. Gaski v. Basile, 174 Conn. 36 (1977), to support his opinion that the vacancies could not be filled by certified candidates from Employment List #765.
A writ of mandamus is a method by which a party may enforce a clear legal right. Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. Golab v. New Britain, 205 Conn. 17, 19 (1987); Beccia v. Waterbury, 185 Conn. 445, 453 (1981). The writ is proper only when "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no CT Page 610 other specific adequate remedy." Golab v. New Britain, supra, 20; Bahramian v. Papandrea, 184 Conn. 1, 3 (1981).
In order to fill vacancies for the position of police officers, it is clear that the provisions of the New Britain Charter and the rules of the Civil Service Commission require the defendant Board of Police Commissioners to appoint from the names certified no later than thirty days after said list has been forwarded from the Civil Service Commission, unless such time is extended by the Civil Service Commission. No such extension was sought, particularly in view of the opinion of the Corporation Counsel on October 4, 1989. (Plaintiff's Exhibit #L).
The defendant Board's brief conceded that it had a mandatory duty to perform, but argued that plaintiffs were not entitled to a writ of mandamus because (1) no individual plaintiff could prove he had a clear legal right to be appointed, since there were four certified candidates for two vacancies, and (2) because the plaintiffs did not avail themselves of the opportunity to request an extension of the time for appointment and failed to appeal to the Civil Service Commission.
Regarding defendant's previous claim that Employment List #765 expired on October 5, 1989 and accordingly, no appoints could be made from said list, the court concludes that defendant's reliance on State ex rel. Chernesky v. Civil Service Commission, supra, was inappropriate. In Chernesky, the plaintiffs were seeking an order that they be restored "to a status of eligibility for appointment to the position of lieutenant in the Fire Department." The plaintiffs in that case never were certified as candidates for the position and five months after the expiration of the list, were seeking to be restored to status of eligibility because of a change in the scoring system by virtue of another court decision, which relief was denied. In the instant case, the plaintiffs were certified as eligible candidates for appointment as a police officer prior to the expiration of Employment List #765, and further were certified to the defendant Board with sufficient opportunity for appointments to be made in accordance with the rules of the Civil Service Commission prior to the expiration of said List.
Defendant Board had a mandatory duty to appoint two of the four certified candidates to the position of police officer. The assertion that plaintiffs had no right to an order of mandamus since no individual plaintiff could prove he had a legal right to be appointed is without merit. The relief requested is for an order of mandamus requiring defendant Board to appoint two of the certified candidates. Since the defendant Board had a mandatory duty to appoint two of the remaining four CT Page 611 certified candidates, the plaintiffs (three of the four remaining certified candidates) have a collective right to have such duty performed by the defendant Board, even though some of the individual plaintiffs may not be appointed.
Lastly, as to defendant Board's claim that plaintiffs had other adequate remedies which they failed to utilize, the court concludes that defendant is estopped from asserting such a claim. As a general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions. An exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents. Zoning Commission v. Lescynski, 188 Conn. 724, 731
(1982); Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 147
(1987). The court is of the opinion that such limited exception should apply in the instant case because it was reasonable for the plaintiffs to rely on the representations of the Personnel Director on October 5, 1989 that they were still viable candidates and were still under consideration for appointment as police officers. (Plaintiff's Exhibit #O). The plaintiffs were not advised to the contrary until January 31, 1990 by a subsequent letter from the Personnel Director (Plaintiff's Exhibit #P) after a different opinion from the new Corporation Counsel. By the time plaintiffs were in receipt of the January 31, 1990 letter from the Personnel Director, the time had expired for them to exercise any remedy under the Civil Service rules, and their only remaining remedy was to seek relief from the court.
The defendant failed to perform its mandatory duty under the rules of the Civil Service Commission. Strict compliance with such rules is required to protect the public interest and the integrity of the civil service system. For all of the foregoing reasons, the court orders and directs the defendant Board of Police Commissioners to forthwith appoint two of the four remaining certified candidates to the position of police officer.
JOSEPH H. GOLDBERG SENIOR JUDGE