CHARLES WINTHAL *v.* JOHN FABRIZI ET AL.
(9393)

Argued April 25—decision released September 19, 1991

*Robert G. Golger,* for the appellant (plaintiff).

*Thomas K. Jackson,* associate city attorney, for the appellees (defendants).

PER CURIAM. The plaintiff appeals from the judgment of the trial court denying his request for a mandatory injunction to restore his name to a civil service eligibility list for the position of police officer for the city of Bridgeport. We dismiss the appeal as moot.

The plaintiff was placed on a civil service eligibility list as a candidate for employment as a police officer after passing the written portion of the examination. He was subsequently given a battery of tests, including a polygraph, a physical agility test and a medical examination. The personnel director of the city of Bridgeport disqualified the plaintiff pursuant to § 10 of the civil service provisions of the city charter[1] on

---

[1] Section 10 of the civil service provision of the Bridgeport city charter provides: "The personnel director may reject the application of any person for admission to a test or refuse to test any applicant or refuse to certify the name of an eligible for employment who is found to lack any of the established qualification requirements for the position for which he applies or for which has been tested, or who is physically unfit to effectively

November 13, 1989, and removed his name from the eligibility list. On November 16, 1989, the plaintiff appealed his disqualification to the civil service commission which denied his appeal on December 6, 1989.

The eligibility list expired on December 31, 1989. On February 5, 1990, the plaintiff filed this action seeking temporary and permanent injunctive relief to reinstate his name on the eligibility list and to prevent the commission from interfering with his candidacy. After a hearing, the parties closed the pleadings and agreed that the court's ruling would be on the plaintiff's request for permanent injunctive relief. The trial court rendered judgment for the defendants[2] and denied the relief requested.

On appeal, the plaintiff claims that the commission and its personnel director acted illegally, arbitrarily and in abuse of its discretion. Because we conclude that this action is moot, we are without jurisdiction to consider this claim.

We initially observe that the proceeding before the trial court was not an administrative appeal from the commission's actions but an action for a mandatory injunction instituted after the eligibility list had expired.[3]

perform the duties of the position, or who is addicted to the habitual use of drugs or intoxicating liquors, or who has been guilty of any crime or infamous or notoriously disgraceful conduct, or who has been dismissed from the public service for delinquency, or who has made a false statement of any material fact or practiced or attempted to practice deception or fraud in his application or in his tests, or in securing eligibility or appointment. Any such person may appeal to the civil service commission from the action of the personnel director in accordance with the rules established hereunder."

[2] The defendants are the five members of the Bridgeport civil service commission, and Alan Cohen, personnel director of that commission.

[3] The complaint contained a request for damages and, although couched as an administrative appeal, is an action for injunction. The plaintiff admitted during oral argument that this is not an appeal pursuant to General Stat-

"A limitation upon the time during which an eligibility list remains effective is in the public interest. That interest is fostered by requiring those remaining upon a list to resubmit themselves after a lapse of time to demonstrate anew their fitness for original or promotional appointment." *State ex rel. Chernesky* v. *Civil Service Commission,* 141 Conn. 465, 470, 106 A.2d 713 (1954). An individual does not acquire "permanency of eligibility merely because he passed an examination held to obtain a list of those capable of qualifying for . . . appointment." Id., 469. Courts are powerless to alter the composition of an eligibility list when a party who seeks to challenge its fairness fails to assert his claim before the list expires. *State ex rel. Gaski* v. *Basile,* 174 Conn. 36, 41, 381 A.2d 547 (1977); *Honis* v. *Cohen,* 18 Conn. App. 80, 84, 556 A.2d 1028 (1989).

The list from which the plaintiff was disqualified had expired before the plaintiff filed his action, and there is no provision in the civil service commission rules for revivification of the list once it has been terminated. The plaintiff seeks to have us fashion injunctive relief by directing the commission to recompile the list and include his name. We do not have the power to order such a remedy. *State ex rel. Chernesky* v. *Civil Service Commission,* supra, 470–71.

" '[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' " *Patterson* v. *Council on Probate Judicial Conduct,* 215 Conn. 553, 561, 577 A.2d 701 (1990), quoting *Reynolds* v. *Vroom,* 130 Conn. 512,

utes § 7-422. See *Danzinger* v. *Demolition Board,* 18 Conn. App. 40, 556 A.2d 625, cert. denied, 211 Conn. 805, 559 A.2d 1139 (1989), wherein we concluded that the trial court lacked subject matter jurisdiction to consider the appeal because neither the Uniform Administrative Procedure Act nor any other statute authorized the bringing of an administrative appeal from a municipal board decision.

515, 36 A.2d 22 (1944). We, therefore, do not have jurisdiction to decide this appeal.

The appeal is dismissed.