[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by a complaint dated August 11, 1989 with a return date of September 19, 1989. The plaintiffs in the matter are the New Haven Firebird Society, which is an organization of the City of New Haven Fire Department personnel representing Black and Hispanic minorities (hereinafter referred to as the "Firebirds" and seven individual fire persons of the New Haven Fire Department. The defendants in the matter include the City of New Haven (hereinafter referred to as the City), the Board of Fire Commissioners of New Haven (hereinafter referred to as the Fire Commissioners), Board of Finance of New Haven (hereinafter referred to as the Board of Finance), five CT Page 5225 individual fire commissioners, a former Fire Chief of New Haven and a former Mayor of New Haven. In addition, there is an intervening defendant, Local 825, International Association Firefighters AFL-CIO (hereinafter referred to as the Union). During the course of this trial twenty-one witnesses testified. The plaintiffs are seeking a permanent injunction and declaratory judgment relative to certain promotions within the Fire Department.
At issue are three eligibility lists promulgated by the New Haven Civil Service Department involving promotion lists to Lieutenant, Captain and Battalion Chief within the New Haven Fire Department. The plaintiffs allege that the Lieutenant and Battalion Chief lists expired on March 31, 1988 and the Captain's list on December 29, 1989. The defendants admit this fact but state "Promotions made Subject to Assignment" prior to that date are legal. The City has filed five special defenses including laches and collateral estoppel. The Union has filed three special defenses all of which involve Connecticut's Municipal Employees Relations Act.
The Charter of the City of New Haven in Chapter XXXII, Section 115 gives the Board of Fire Commissioners the sole power of appointment and promotion of all officers and employees within the Fire Department provided such appointments and promotions are in accordance with the civil service rules. (Exhibit M-13) The City Charter in Article XXII, Section 111, provides that "the Chief . . . shall assign to duty all the members of the department." Thus, the Board of Fire Commissioners has the power to appoint and promote and the Fire Chief the power to assign individuals to duty within the Fire Department.
The Board of Fire Commissioners of the City was established under Article XXI, Section 109 of the City Charter. The Department of Personnel and Civil Service was created under Article XXXII, Section #187 of the City Charter.
Rule IV of the Civil Service Rules and Regulations states as follows:
Section 2. Promulgation
 An eligible list shall be in effect from the date on which it is promulgated.
Section 3. Duration of Eligible Lists
 Eligible lists shall be in effect for a period of at least one year but not more than two years from the date of promulgation. CT Page 5226 (Exhibit M-3)
Rule VI of these same rules reads as follows:
RULE VI — Method of Filling Vacancies
Section 1. Requests
 Written requests for eligible lists shall be made to the Civil Service Board by the appointing authority whenever:
(a) A vacancy occurs
 (b) Additional employees are required (as approved by the Board of Finance)
(c) A vacancy is anticipated
 The Civil Service Board shall advise the appointing authority as to the availability of employees for re-employment, requests for transfer, or promotional or eligible lists for the class.
Section 2. Types of Appointments
 All vacancies in the classified service shall be filled by re-employment, transfer, or from an appropriate promotional or eligible list, if available. When no Civil Service list of eligibles exists for a particular class, the Board of Finance may fill any vacancy in such class by a temporary appointment for not more than ninety (90) working days; and within that period, the Civil Service Board shall hold examinations of candidates for the class.
 The Board of Finance, when the interests of the City require, shall have authority to extend a temporary appointment for a period of ninety (90) working days but shall not exercise this power more than once in the case of any given appointee.
In the preamble to Rule VII of said Rules it reads as follows:
Appointments CT Page 5227
 Whenever said board shall have adopted rules relative to the appointment or promotion of any class of such officials, no appointments or promotions within such class shall be made except from those applicants, not exceeding three, who shall stand highest on the list of those who shall have passed an examination of at least seventy per centum and have received a certificate to that effect from said board, and are upon the list of those eligible to such position or promotion, under the rules of said board, excepting supernumerary policemen and substitute firemen. And after the adoption of such rules no removal shall be made of persons holding positions in any department of the city, subject to the provisions of such rules, except for sufficient cause duly shown, which cause shall not be political. (Section 191. Revised Charter, 1975)
Appointment Void
 Any appointment or removal made in violation of the provisions of this charter shall be null and void; . . . .
Ellen Goldsmith the Director of Civil Service Testing, testified that the process for making up an eligibility list for a particular position commences when a City Department requests a test be given for a particular position. A Civil Service representative then meets with the Department to review the job requirements and description. An exam is then prepared and promulgated. At this point the applicants are then reviewed by the Civil Service Department for eligibility to take said examination. The examination is then given and after the results are established the test is reviewed to see if it had an adverse impact on minorities. After the test results are certified they are forwarded to the appropriate authority, in this case, the Board of Fire Commissioners, who then have the discretion to promote one of the top three candidates. When a candidate is chosen that name is sent to the Personnel and Civil Service Office where the name is certified and signed off by the Director, Personnel Officer and Affirmative Action Officer. (The failure to obtain any of these signatures would not prevent the promotion) It is then sent to the Board of Finance which must approve the appointment. This Finance approval is required because a promotion cannot be made until it is certified that monies are available to fund the position. CT Page 5228
There is no dispute that the New Haven Fire Department makes some of its promotions on the basis of "Promotion Subject to Assignment" or "Stockpiling." This occurs when an eligibility list is about to expire and there are no vacancies to allow a promotion, in which case the Fire Commission promotes individuals subject to assignment. This means that a certain number of individuals are promoted prior to the eligibility list expiring even though there are no vacancies then unfilled. When the list expires those promoted subject to assignment are then used to fill all subsequent vacancies until the "Promotion Subject to Assignment List" or the "stockpiled list" is exhausted. When that occurs and a vacancy exists the Fire Department then requests an exam be given to establish a new eligibility list. Assistant Fire Chief John E. Smith who has been a member of the New Haven Fire Department since February 3, 1943, testified that "Promotions Subject to Assignment" have been in existence since at least 1968 and probably since 1947 or earlier when he took his first promotional examination under Civil Service. Since 1945, six promotional examinations for Fire Lieutenant and eight promotional examinations for Fire Captain have been given. As to Fire Battalion Chief, five promotional examinations have been given since 1941.
As stated before there are three Fire Promotional lists involved in this case. The first such list is the promotional list for Lieutenant in the New Haven Fire Department which was effective March 31, 1986. (Exhibit M-5) There were sixty-five individuals on that list. Prior to March 31, 1988, eight of these individuals were promoted to Lieutenant and assigned to such a position in the Fire Department. On March 30, 1988, one day before the two year period would have expired, fourteen individuals were "Promoted Subject to Assignment" or "Stockpiled" by the Board of Fire Commissioners. That left forty-three names on the list that were not promoted. Between August 24, 1988 and October 2, 1989, seven of the individuals who were "Promoted Subject to Assignment" were assigned to fill a Lieutenant's vacancy. (See Exhibit A attached to this memorandum)
The second fire promotional list involves that of the Battalion Chief eligibility list. (Exhibit M-6) That list was also effective on March 31, 1986 and contained the names of twenty-three individuals. Prior to March 31, 1988, six of those individuals were promoted to Battalion Chief and assigned to such a position in the Fire Department. Likewise, on March 30, 1988, one day before the two year period would have expired, all remaining seventeen individuals on that list were "Promoted Subject to Assignment" by the Board of Fire Commissioners. Five of those seventeen were assigned on July 6, 1988, to fill a position of Battalion Chief. The remaining twelve individuals CT Page 5229 were never assigned to Battalion Chief's position.
The third promotional eligibility list involves the position of Captain in the New Haven Fire Department. (Exhibit M-8) That list was effective on December 29, 1987, and contained the names of twenty individuals. Prior to December 29, 1989, eight of those individuals were promoted to Captain and assigned to such a position. On December 21, 1989, eight days before the two year period expired, two individuals on that list were "Promoted Subject to Assignment" at the Board of Fire Commissioners meeting. To this date these two individuals have not been assigned to a Captain's position.
At the December 21, 1989, meeting of the Board of Fire Commissioners the following motion unanimously passed:
 Effective Thursday, December 21, 1989, it will be the policy of the Board of Fire Commissioners that future promotions will be solely made for known vacancies or those immediately expected and from active Civil Service Lists. (Exhibit M-7)
Fire Commissioner Thomas O'Dea, the President of the Board of Fire Commissioners, testified that in his opinion the aforementioned motion would bind future Boards of Fire Commissioners relative to promotions. He stated he has been a Fire Commissioner eleven years and that during that time the Commission always followed the policy of "Promotion Subject to Assignment."
The issues in this case are whether "Promotional Eligibility List" for the New Haven Fire Department has a two year life span and, secondly, are "Promotions made subject to Assignment" valid under the Rules and Regulations of the New Haven Personnel and Civil Service Regulations.
Ellen Goldsmith testified that promotions must be made during the life of the eligibility list and that the only exception to that rule is when a referral for promotion is made when an actual vacancy exists and the list is alive but expires before the promotion is made because of the paper work involved in the promotion process. In such a situation the promotion would be certified after the term of the eligibility list had expired.
In this matter whatever rights the individual fire persons may have respecting their rank in the New Haven Fire Department they derive from the rules end regulations of the New Haven Personnel and Civil Service Act. State ex rel. Chernesky v. Civil Service Commission, 141 Conn. 465, 469 (1954). It does not CT Page 5230 follow, however, that an individual acquires permanency of eligibility merely because he passed an examination held to obtain a list of those capable of qualifying for original or promotional appointment. One who could demonstrate his ability say in 1949, to perform the duties of an office higher than that he then held, might, for a wide variety of reasons be incompetent to do so a few years later. A limitation upon the time during which an eligibility list remains effective is in the public interest . . . a limitation on the life of an eligibility list represents a well established policy of the merit system. IBID, 469, 470.
The object of providing for Civil Service examinations is to secure more efficient employees, promote better government, eliminate as far as practicable the element of partisanship and personal favoritism, protect the employees and the public from the spoils system and secure the appointment to public positions of those whose merit and fitness have been determined by proper examination. Cassella v. Civil Service Commission, 202 Conn. 28,34, (1987).
Here the plaintiffs feel they are being prohibited from the opportunity of seeking a promotion to the next higher grade level in the Fire Department because of the policy of "Promotion Subject to Assignment." The fact that this policy has existed for years does not make it correct. The Civil Service Rules and Regulations, Article IV, Section 3, make it clear that "eligibility lists" are good for a maximum of two years. Nowhere in the City Charter or the Civil Service Rules and Regulations does it mention, let alone approve, a policy of "Promotion Subject to Assignment." This long standing practice of "Promotion Subject to Assignment" in the New Haven Fire Department must cease as there is no legal justification for it. Good faith of the parties will not validate illegal appointments, nor will continued employment in an invalidly obtained position. IBID, 35.
What is in front of the court in this case in essence is the New Haven Board of Fire Commissioners promoting individuals to the next higher grade from a valid promotional eligibility list to positions which do not in fact exist because there are no vacancies for the position(s) to which the promotion was made. However, under Rule VI of the Personnel and Civil Service Rules and Regulations a vacancy must exist or be anticipated before a promotion can be made from an eligibility list. Here there was no testimony that on the day the individuals on any list were "promoted subject to assignment" that there were vacancies then existing relative to the promotion or that there was an anticipated vacancy which would exist prior to the expiration of the said list. There was some testimony concerning anticipated vacancies on the various lists due to retirement or disability CT Page 5231 but those anticipated vacancies were to occur after the date the subject list expired. This court interprets Rule VI, Section 1(c) to mean that an "anticipated vacancy" must exist before the eligibility list expires for any promotion to be valid under said section. There was also testimony concerning the creation of new fire battalion in 1988 which necessitated the promotions of four captains to the position of Battalion Chief from the eligibility list. However these promotions while given to individuals who had been promoted subject to assignment on March 30, 1988, were not effective until after March 31, 1988, and therefore, in this court's opinion, they were illegal.
The court has reviewed the five special defenses of the City and does not find it has sustained its burden of proof on any of said special defenses. Under the facts of this case the passage of time cannot make legal what was originally illegal. Likewise the court has reviewed the three special defenses of the Union. As to those special defenses the court does not find that the Union has sustained its burden of proof on any of them.
The plaintiffs' claims for relief seek the following:
(1) Permanent injunction enjoining the defendants from implementing promotions from the expired lists;
(2) A declaratory judgment holding that the defendants' actions violate the City Charter and Civil Service Rules;
(3) A declaratory judgment that promotions made after March 31, 1988 are illegal and void and must be vacated;
(4) Award reasonable attorney's fees and costs; and
(5) Order such other relief as may be just and equitable.
Declaratory judgments function to enable parties to have their differences authoritatively settled in advance of any claimed invasion of rights, and to guide actions and keep them within lawful bounds. Larkin v. Bontatibus, 145 Conn. 570, 575
(1958).
The Connecticut Practice Book in Section 389 states that:
 The court will, in cases not herein excepted, render declaratory judgments as to the existence or nonexistence (a) of any right, power, privilege or immunity; or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity does or may depend, CT Page 5232 whether such right, power, privilege or immunity now exists or will arise in the future.
It further states:
 The court will not render declaratory judgments upon the complaint of any person:
 (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties: or
 (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or
 (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.
Connecticut Practice Book 390
In this case the court finds the plaintiffs have a legal and equitable interest and are in danger of losing rights to which they are entitled. There is a bona fide and substantial question in dispute which requires that it be resolved relative to the aforementioned promotional eligibility lists. The court knows of no other manner in which these issues can be resolved and further the court finds that all persons having an interest in the subject matter of the complaint are parties to the action or have had reasonable notice thereof. Therefore this court finds that a declaratory judgment is an appropriate remedy in this matter.
A party seeking an injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Pet v. Department of Health Services, 207 Conn. 346,370 (1988). The issuance of an injunction rests in the sound discretion of the trial court. IBID. This court finds that the plaintiffs have no adequate remedy at law and that they will suffer irreparable harm if an injunction does not issue. CT Page 5233
In this matter it is unquestioned that the Personnel and Civil Service Department of the City of New Haven is a valid legal entity which has the authority to oversee the promotional eligibility examinations of the New Haven Fire Department. The Civil Service Rules and Regulations as set forth in Rule IV, Section 3, make it very clear the maximum time that a promotional eligibility list may exist is for two years.
This court finds that the policy of the New Haven Board of Fire Commissioners to "Promote Subject to Assignment" or "stockpiling" as it is otherwise known, is illegal when the vacancy to which the promoted individual is assigned occurs after the subject promotional eligibility list has expired. This court therefore issues a declaratory judgment that such a practice violates the New Haven City Charter, Article XXXII, Sections 189 and 191, and Article XXII, Section 115, and Rules IV, VI, and VII of the Rules and Regulations of the New Haven Civil Service Department. Therefore this court finds that all promotions which were made from the Lieutenant's list and the Battalion Chief's list after March 31, 1988 are null and void and hereby declared so and this includes all of the promotions from both lists which were made Subject to Assignment and for which no vacancy existed on March 31, 1988. Likewise, the court finds that all promotions to the rank of Captain made after December 29, 1989 are null and void and declared so end this includes all promotions from that list which were made subject to assignment and for which no vacancy existed on December 29, 1989.
Further the court grants a permanent injunction enjoining the defendants from promoting any individuals from the aforementioned promotional eligibility lists for Lieutenant, Captain and Battalion Chief since those lists expired on March 31, 1988 as to the Lieutenant and Battalion Chief's lists and on December 29, 1989 as to the Captain's list.
Prior to the conclusion of trial the court requested the respective attorneys to compile a list of all of the promotions that were the subject matter of this suit and to indicate to the court the date each individual was promoted and the date they were assigned to their promoted position. After trial the court received such a list from the plaintiffs' attorney which is attached hereto as Exhibit A. All of the attorneys indicated to the court that they could agree on the information the court requested. The court therefore assumes that the information on Exhibit A is correct.
Therefore, the court declares the following promotions from the subject Lieutenant, Captain and Battalion Chief lists to be null and void: CT Page 5234
LIEUTENANT LIST:
 John F. Longo Curtis Hayes, Sr. William Integlia, Jr. Thomas King William Seward III Jule Carofano John P. Ryan Julian Garay Herman Harris Nicholas Candido James F. Stacy Raymond Sullivan Steven M. Andreucci William Miller
CAPTAIN'S LIST:
 Marine D. Glass Kenneth R. Goodale
BATTALION CHIEF'S LIST:
Boris Starzyk Robert Callahan
 Thomas R. Gould William Gambardella Richard A. Rife Francis D. Lyons Thomas Urban George Price George W. Horn Robert LaCroix Eugene T. Walsh, Jr. Donald R. Hennessey Earl D. Geyer, Sr. Anthony Carbone Joseph Sullivan Peter Fertig James K. Reardon
The plaintiffs seek reasonable attorneys' fees and costs. The court does not award attorneys fees to the plaintiff.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, JUDGE
EXHIBIT A
 NEW HAVEN FIREBIRDS vs.
 NEW HAVEN BOARD OF FIRE COMMISSIONERS Dates of Promotion and Assignment A. Lieutenant List (effective March 30, 1986-88)
 Firefighter Date Promoted Date Challenged Subject to Assigned Promotion Assignment
1 John F. King N/A 17-Sep-86 NO CT Page 5235 2 Kevin McNerney N/A 17-Sep-86 NO 3 Thomas J. Holman N/A 17-Sep-86 NO 4 William D. Richards N/A 17-Sep-86 NO 5 Michael E. Rizzo N/A 17-Sep-86 NO 6 Robert K. Whelan N/A 17-Sep-86 NO 7 Rodney Stanley N/A 17-Sep-86 NO 8 Michael McNamara N/A 27-Jan-88 NO 9 John Longo 30-Mar-88 24-Aug-88 YES 10 William Integlia, Jr. 30-Mar-88 24-Aug-88 YES 11 William Seward III 30-Mar-88 24-Aug-88 YES 12 John P. Ryan 30-Mar-88 24-Aug-88 YES 13 Herman Harris 30-Mar-88 9-Nov-88 YES 14 James F. Stacy 30-Mar-88 12-Jul-89 YES 15 Steven M. Andreucci 30-Mar-88 2-Oct-89 YES 16 Curtis Hayes, Sr. 30-Mar-88 Not Yet YES 17 Thomas King 30-Mar-88 Not Yet YES 18 Jule Carofano 30-Mar-88 Not Yet YES 19 Julian Gray 30-Mar-88 Not Yet YES 20 Nicholas Candido 30-Mar-88 Not Yet YES 21 Raymond Sullivan 30-Mar-88 Not Yet YES 22 William Miller 30-Mar-88 Not Yet YES
B. Fire Captain List (effective December 29, 1987-89)
 Firefighter Date Promoted Date Challenged Subject to Assigned Promotion Assignment 1 William Ryan N/A 30-Mar-88 NO 2 Michael Grant N/A 30-Mar-88 NO 3 John DeFrancesco N/A 30-Mar-88 NO 4 James H. Martens N/A 30-Mar-88 NO 5 David R. Nelson N/A 30-Mar-88 NO 6 Anthony J. Perno, Jr. N/A 30-Mar-88 NO 7 James R. Brandt N/A 30-Mar-88 NO 8 David Divito N/A 1-Apr-89 NO 9 Marine D. Glass 21-Dec-89 Not Yet YES 10 Kenneth R. Goodale 21-Dec-89 Not Yet YES
C. Fire Battalion Chief
 Firefighter Date Promoted Date Challenged Subject to Assigned Promotion Assignment
1 Martin J. O'Connor N/A 16-Jul-86 NO 2 George T. Boucher, Jr. N/A 16-Jul-86 NO 3 Edward F. Flynn, Jr. N/A 16-Jul-86 NO 4 Anthony Gambardella N/A 16-Jul-86 NO 5 Robert T. Baker N/A 16-Jul-86 NO 6 William J. Integlia, S N/A 16-Jul-86 NO CT Page 5236 7 Boris Starzyk 30-Mar-88 6-Jul-88 YES 8 Thomas R. Gould 30-Mar-88 6-Jul-88 YES 9 Richard A. Rife 30-Mar-88 6-Jul-88 YES 10 Thomas Urban 30-Mar-88 6-Jul-88 YES 11 George W. Horn 30-Mar-88 6-Jul-88 YES 12 Eugene T. Walsh Jr. 30-Mar-88 Not Yet YES 13 Earl D. Geyer, Sr. 30-Mar-88 Not Yet YES 14 Joseph Sullivan 30-Mar-88 Not Yet YES 15 James K. Reardon 30-Mar-88 Not Yet YES 16 Robert J. Callahan 30-Mar-88 Not Yet YES 17 William J. Gambardella 30-Mar-88 Not Yet YES 18 Francis D. Lyons 30-Mar-88 Not Yet YES 19 George Price 30-Mar-88 Not Yet YES 20 Robert LaCroix 30-Mar-88 Not Yet YES 21 Donald R. Hennessey 30-Mar-88 Not Yet YES 22 Anthony Carbone 30-Mar-88 Not Yet YES 23 Peter Fertig 30-Mar-88 Not Yet YES