CITY OF BRIDGEPORT *v.* CONNECTICUT POLICE
DEPARTMENT EMPLOYEES LOCAL 1159,
AFSCME, COUNCIL 15
(11136)

DALY, O'CONNELL and LANDAU, Js.

Argued April 28—decision released August 3, 1993

*Joseph M. Lander,* for the appellant-appellee (defendant).

*Robert G. Zanesky,* associate city attorney, for the appellee-appellant (plaintiff).

DALY, J. The defendant union[1] appeals and the plaintiff city cross appeals from the trial court's judgment confirming an arbitration award in favor of the defendant in all respects except the arbitration panel's order to promote the grievant to the rank of sergeant. We reverse the judgment of the trial court in part.

The grievant in this case, Detective Nikola E. Nikola, has been a police officer in the city of Bridgeport since October 1, 1969. At the time of this grievance, he was a detective in the special services division of the Bridgeport police department. On June 11, 1983, the city civil service commission conducted a competitive promotional examination for the position of police sergeant. An eligibility list, based on the results of that examination, was compiled by the commission. The grievant passed the test and his name was placed on the promotional eligibility list. On October 21, 1986, his name was removed from the list by the commission because it claimed he was not a bona fide resident of Bridgeport, but of Huntington, and was thus in violation of the collective bargaining agreement.[2] The grievant's appeal

---

[1] The Connecticut Police Department Employees Local 1159, AFSCME, Council 15, is representing the interests of the grievant, Nikola E. Nikola, in this action.

[2] Article 17, § 2 (a), of the collective bargaining agreement entered into by the city and the union on November 9, 1974, provides: "All current and future members of the Bridgeport Police Department, as a condition of their

to the commission was unsuccessful. Consequently, on November 3 and 18, 1986, he filed grievances through the union protesting the city's actions in removing him from the sergeant's promotional eligibility list and demanded that his name be restored to the list and that he be promoted to the rank of sergeant.

Arbitration ensued before the state board of mediation and arbitration. Since the parties could not agree on the submission, the arbitration panel framed the issue under § 31-91-35 of the rules of procedure.[3] The issues were: "Did the city have just cause to remove Detective Nikola E. Nikola's name from the Sergeant's Eligibility List? If not, what shall the remedy be?"

The hearings commenced on November 22, 1988, and the final hearing was held on April 11, 1989. On January 30, 1990, the arbitration panel issued its decision, holding that the grievant was a bona fide resident of Bridgeport. It was the panel's position that by not terminating the grievant as a police officer, the city had, in effect, conceded that the grievant was a bona fide resident. Accordingly, the panel found that the commission did not have just cause to remove the grievant's name from the promotional eligibility list. The commission was ordered to promote him immediately to the rank of sergeant. The city was also "directed to pay [the] Grievant retroactively from the date his promotion should have occurred to the date of promotion after receipt of [the arbitrators'] Award . . . [and] to restore all rights and benefits due [the] Grievant as a result of improperly denying him promotion."

continued employment with the Bridgeport Police Department, must maintain a bona fide residence within the City of Bridgeport during the term of this Agreement."

[3] Section 31-91-35 of the rules of procedure of the state board of mediation and arbitration provides in pertinent part that "if the parties are unable to agree upon the issue or issues to be decided, the panel shall frame the issues."

On August 7, 1990, the city moved in the Superior Court to vacate the arbitration award, claiming that the panel had exceeded its power by making an award in violation of General Statutes § 7-474 (g), which gave the civil service commission province over promotions. The city further claimed that the panel applied the law concerning bona fide residency improperly and that it exceeded its power in ordering the grievant promoted from a promotional list that had expired on or about December 26, 1986.

On February 5, 1992, the trial court issued a memorandum of decision confirming the award in all respects except one. The trial court found that it was beyond the power of the panel to order the promotion from an eligibility list that had expired at the time the arbitration award was issued. This appeal followed.

The defendant union claims that the trial court improperly vacated that portion of the panel's remedy that ordered the promotion of the grievant to sergeant. Conversely, the plaintiff city claims that the arbitrators' definition of bona fide resident was improper and that the submission was not unrestricted. We agree with the defendant.

Arbitration awards are generally upheld and we give deference to an arbitrator's decision since it is favored as a means of settling disputes. *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 107, 438 A.2d 1171 (1981); *Board of Education* v. *Hartford Federation of School Secretaries,* 26 Conn. App. 351, 352, 600 A.2d 1053 (1992); *Board of Education* v. *Local 818,* 5 Conn. App. 636, 639, 502 A.2d 426 (1985). The judicial review of an arbitration award is limited in scope by General Statutes § 52-418 and the terms of the parties' contract. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 22, 453 A.2d 1158

(1983); *Greater Bridgeport Transit District* v. *Amalgamated Transit Union, Local 1336,* 28 Conn. App. 337, 341, 610 A.2d 1324 (1992); *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 212, 470 A.2d 1219 (1984). Specifically, our review is limited to a comparison of the arbitrators' award with the submissions, and to a determination of whether the award conforms to the submissions. *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 338–39, 555 A.2d 406 (1989); *Greater Bridgeport Transit District* v. *Amalgamated Transit Union, Local 1336,* supra. The party seeking to vacate the award has the burden of demonstrating its nonconformity to the submission. *Watertown Police Union Local 541* v. *Watertown,* supra, 339; *Greater Bridgeport Transit District* v. *Amalgamated Transit Union, Local 1336,* supra. Every reasonable presumption will be made in order to sustain an award. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 585, 440 A.2d 774 (1981); *Trumbull* v. *Trumbull Police Local 1745,* supra.

If the submission does not contain limiting or conditional language, then the submission is unrestricted. *Bic Pen Corporation* v. *Local No. 134,* supra, 584–85. If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985). In addition, if the submission is unrestricted, an arbitrator is not required to decide the issues presented according to law. *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 106–107; *Trumbull* v. *Trumbull Police Local 1745,* supra, 213. Thus, "[w]here the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators

was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . ." (Citations omitted; internal quotation marks omitted.) *Caldor, Inc.* v. *Thornton,* supra, 340–41, quoting *Bic Pen Corporation* v. *Local No. 134,* supra, 584; *Trumbull* v. *Trumbull Police Local 1745,* supra.

In the present case, the parties contractually agreed to submit their disputes concerning the interpretation and application of the collective bargaining agreement to arbitration.[4] The parties voluntarily submitted the issue to the arbitration panel. The submission in this case did not contain limiting or conditional language restricting the powers of the arbitrators. In essence, the submission invited the arbitration panel to determine whether the city had violated the terms of the collective bargaining agreement by removing a grievant's name from the promotional eligibility list, and, if necessary, to fashion an appropriate remedy.

The city maintains that the panel exceeded its authority in ordering the grievant's promotion from a promotional eligibility list that expired on about December 26, 1986. The trial court, relying on *State ex rel. Chernesky* v. *Civil Service Commission,* 141 Conn. 465, 470–71, 106 A.2d 713 (1954), *Winthal* v. *Fabirizi,* 26 Conn. App. 45, 47, 596 A.2d 939 (1991), and *Honis* v. *Cohen,*

---

[4] Article 7 of the collective bargaining agreement contains a "grievance procedure" to be utilized where "any employee, or the Union, feel aggrieved concerning their wages, hours or conditions of employment, which wages, hours or conditions of employment are controlled by this agreement, or which are provided for in any statute, Charter provision, or ordinance, rule or regulation which is not in conflict with this agreement, or *concerning any matter or condition arising out of the employee-employer relationship* . . . ." (Emphasis added.) The agreement provides that grievances which are not resolved by the superintendent of police or the board of police commissioners may be submitted in writing to the state board of mediation and arbitration.

18 Conn. App. 80, 84, 556 A.2d 1028 (1989), concluded that the arbitration panel was powerless to order an appointment from an eligibility list that had expired. *Chernesky, Winthal,* and *Honis* can be distinguished, however, from the present case because the promotional lists involved in those cases had expired before any action was initiated by the aggrieved party. In contrast, the grievant here commenced the grievance procedure on November 3, 1986, prior to the expiration of the list on December 26, 1986. The grievant's actions have thus preserved the list for purposes of the remedy awarded.

By agreeing to the unrestricted submission, the city and the union authorized the arbitration panel to exercise its own judgment in resolving the dispute and granting a remedy. "If the question has been entrusted to the arbitration tribunal, then the court should not rule upon the merits of the issue and it should not usurp the function conferred upon that tribunal by the parties to the agreement." *Hartford* v. *Local 308,* 171 Conn. 420, 424–25, 370 A.2d 996 (1976); *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 (1967); *Trumbull* v. *Trumbull Police Local 1745,* supra. A party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do. See *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 563, 424 A.2d 263 (1979); *Trumbull* v. *Trumbull Police Local 1745,* supra. " 'Having bargained for the decision of the arbitrator on the question . . . the parties are bound by it, even if it be regarded as unwise or wrong on the merits . . . .' *Local 453, International Union of Electrical, Radio and Machine Workers* v. *Otis Elevator Co.,* 314 F.2d 25, 28 (2d Cir.), cert. denied, 373 U.S. 949, 83 S. Ct. 1680, 10 L. Ed. 2d 705 (1963)." *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 107–108.

The arbitrators found that the city had violated the conditions of employment provision of the collective bargaining agreement and fashioned a remedy of restoration. It is clear that the award conformed to the submission. The arbitrators, therefore, did not exceed or improperly execute their broad powers to fashion an appropriate remedy.

The judgment is reversed in part on the appeal and the case is remanded to the trial court with direction to render judgment confirming the award in toto.

In this opinion the other judges concurred.