[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Seiler Corporation ("Seller"), has moved to vacate, correct and/or modify an arbitration award entered on January 24, 1994 in favor of the defendant, Local 531 of the Service Employees International Union, AFL-CIO (the "Union"). The Union initiated arbitration to challenge the plaintiff's discharge of a union member, Liz Irsa, an individual employed by Seiler as a full-time cashier at the Asylum Avenue cafeteria in Hartford. Irsa claimed that she was fired without just cause due to some discrepancies in her cash drawer. When the dispute could not be resolved through the grievance procedure provided for in the collective bargaining agreement, arbitration followed.
The collective bargaining agreement entered into between the plaintiff employer and the defendant union limited the plaintiff's right to discharge employees by requiring that discharge be for "just cause." The sole issue submitted for arbitration was "[w]hether the Seiler Corporation was justified in terminating the complainant under the terms of the collective bargaining agreement . . . ." On June 20, 1993, following a hearing on this matter, a three-member panel of arbitrators CT Page 9571 sustained the union's grievance. The panel held that the plaintiff was "not justified in terminating the complainant under terms of the collective bargaining agreement." The arbitrators ordered the plaintiff to reinstate the complainant to a full-time cashier position and to pay her lost wages and benefits.
The plaintiff now moves to vacate the arbitration award and argues that the arbitrators, in making the award, contravened the parties, Collective bargaining agreement. The plaintiff argues further that the arbitrators exceeded the parties' limited submission by awarding damages to the complainant.
"Arbitration awards are generally upheld and [the reviewing court gives] deference to an arbitrator's decision since it is favored as a means of settling disputes. (Citations omitted.)Bridgeport v. Conn. Police Dept. Employees, 32 Conn. App. 289,292 (1993). "Every reasonable presumption will be made in order to sustain an award." Id., 293.
"The grounds on which the superior court may vacate an arbitration award are set forth in § 52-418(a).[1] There are two very narrow exceptions to the rule that a court may not substitute its own conclusions for the findings of the arbitrators. These exceptions occur where the arbitrators rule on the constitutionality of a statute or order a party to engage in conduct in clear violation of public policy." (Citations omitted.) Hartford v. IAFF, 24 Conn. App. 254, 258 (1991).
The plaintiff argues that the arbitrators contravened the parties' collective bargaining agreement in two ways. First, the plaintiff claims the arbitrators failed to give effect to the company's exclusive right to establish, make changes to and enforce cash handling procedures as provided in Article 10 of the collective bargaining agreement.
The arbitrators, upon reviewing the testimony and the documents submitted, found that Seiler failed to prove that the complainant was the only individual with access to the cash drawer; or that the cash procedures were consistently utilized at her register. Based on this, the arbitrators concluded that there was insufficient evidence to prove that the complainant was responsible for any discrepancy in the cash drawer.
Absent a showing that the arbitration panel exceeded its authority, the court is precluded from substituting its own CT Page 9572 conclusions for those of the arbitrators. Hartford v. IAFF,Local 760, supra, 258. Contrary to the assertions of the plaintiff, the arbitrators' conclusions did not alter the company's right, as provided in the collective bargaining agreement, to establish and enforce cash handling procedures. Accordingly, the plaintiff has not demonstrated that the award fails to conform with the parties' collective bargaining agreement and thus with the parties' submission.
The plaintiff also claims the arbitrators improperly found that the company "flagrantly violated all aspects of just cause procedures and standards," in discharging the complainant. The plaintiff's argument with respect to this portion of the arbitrators' opinion is that the panel clearly added procedural requirements that were not included in the collective bargaining agreement.
It is the finding of this court that the arbitrators did not supplement the parties' collective bargaining agreement with additional procedural requirements. The quoted portion of the panel's opinion simply manifests the arbitrators' finding that the complainant was fired without just cause. "[A] mere ambiguity in the opinion accompanying the award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." United SteelWorkers v. Enterprise Corp., 363 U.S. 593, 598 (1960).
The plaintiff's final argument is that the arbitrators, by awarding damages to the complainant, failed to conform to the parties' limited submission. As discussed above, the sole issue submitted for arbitration was whether the plaintiff was justified in terminating the complainant under the terms of the collective bargaining agreement.
"The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues. . . ." Garrity v. McCaskey,223 Conn. 1, 5 (1992). Matters outside the submission may not be included in the award. Board of Education v. AFSCME, 195 Conn. 266,272 (1985).
A challenge to an award on the found that the arbitrators exceeded their power is limited to a comparison of the award with the submission. American Universal Inc., Co. v. DelGreco,205 Conn. 178, 186 (1987). In the present case, the parties asked CT Page 9573 the arbitrators to determine if the plaintiff had "just cause" to terminate Liz Irsa. The panel determined that it did not and ordered that the complainant be reinstated and paid lost wages. While this is the typical relief ordered in cases of wrongful discharge, the parties did not submit the remedy issue to the arbitrators. Clearly, the arbitrators exceeded their power as defined by the parties' submission.
The arbitration award is confirmed to the extent that the panel found that the complainant, Liz Irsa, was terminated without just cause under the terms of the collective bargaining agreement. The award is vacated, however, to the extent that the remedy of reinstatement, lost wages and lost benefits was ordered.
STANLEY, J.