BOARD OF EDUCATION OF THE CITY OF WATERBURY
*v.* WATERBURY TEACHERS ASSOCIATION
(2416)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued April 4—decision released July 31, 1984

*Ronald Cordilico,* with whom, on the brief, was *William Dolan,* for the appellant (defendant).

*John F. Phelan,* for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from a judgment granting the plaintiff's application to modify an arbitration award. The application was made pursuant to General Statutes § 52-419.[2]

The facts of the case are simple. The defendant, Waterbury Teachers Association (WTA), is the bargaining representative of those teachers employed by the plaintiff, the Board of Education of the city of Waterbury (board). The parties are the signatories of a col-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] General Statutes § 52-419 provides: "MODIFICATION OR CORRECTION OF AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order modifying or correcting the award if it finds any of the following defects: . . . (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted . . . . (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

lective bargaining agreement. A teacher, Linda McGill, filed a grievance alleging that the plaintiff had failed to recall her from a layoff as was required by the layoff provisions of the collective bargaining agreement. After exhausting the internal grievance procedure, the dispute was submitted to arbitration. The submission was as follows: "Did the Board violate the Agreement's Article XX, Section 17—Recall—provision by not recalling Linda McGill from the layoff effective September, 1976 until February 6, 1978? If so, what shall the remedy be?"

The award was as follows: "The Waterbury Board of Education violated the Agreement's Article XX, Section 17—Recall—provision by not recalling Linda McGill from the layoff, effective September, 1976, until February 6, 1978. The Board shall adjust Ms. McGill's employment record to reflect, for the purpose of seniority and for any other purpose, a recall date effective October 3, 1977."

The plaintiff objected to the award in that it included the words "and for any other purpose." The trial court modified the award by striking those words. It also denied the defendant's application to confirm the award.

The sole issue on appeal is whether the court erred in concluding that the award did not conform to the submission. The board, in seeking to justify the decision of the trial court, argues that the submission has to be read together with the grievance. There is no decisional authority in this state for the proposition that the award must conform to the underlying grievance as well as to the submission. A challenge to an award is limited to a comparison of the award with the submission, and if the submission is unrestricted, an appellate court cannot review it for errors of law or fact. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983).

The submission in this case was unrestricted and contained no limiting or conditional language concerning the scope of an appropriate remedy. The arbitrator did not make an award "upon a matter not submitted" and, therefore, there was no defect which would allow modification of the award pursuant to General Statutes § 52-419.

There is error, the judgment of the trial court is set aside and the case is remanded with direction to dismiss the plaintiff's application to modify and to render judgment granting the defendant's application to confirm the arbitrator's award.