GREATER BRIDGEPORT TRANSIT DISTRICT *v.* AMALGAMATED TRANSIT UNION, LOCAL 1336
(10739)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued June 2—decision released July 21, 1992

*Thomas J. Weihing,* with whom, on the brief, was *John T. Bochanis,* for the appellant (plaintiff).

*James L. Kestell,* for the appellee (defendant).

NORCOTT, J. The plaintiff, Greater Bridgeport Transit District (district), appeals from the trial court's judgment denying its application to vacate an arbitration award brought pursuant to General Statutes § 52-418 and concomitantly granting the application of the defendant, Amalgamated Transit Union, Local 1336 (union), for an order confirming the award.

On appeal, the district claims that the trial court improperly determined that (1) the arbitrator was authorized to render an award, (2) his award conformed to the submission, and (3) the submission involved an agreement between the parties that is required by federal law. We affirm the judgment of the trial court.

The pertinent facts are as follows. The district, a public entity serving the elderly and handicapped, employs union members to perform vehicle maintenance. The parties' collective bargaining agreement provides for arbitration and states in part that "[t]he decision of the arbitrator shall be final and binding upon the parties," and that the arbitrator's authority "shall be limited to interpreting and applying the provisions" of the agreement.[1] The parties also operate under what is known

---

[1] Article 20 § A of the parties' collective bargaining agreement provides in pertinent part: "The decision of the arbitrator shall be final and binding upon the parties. . . . The Arbitrator's authority shall be limited to interpreting and applying the provisions of this Agreement and shall have no power to add, subtract or modify any of the provisions of this Agreement."

as a "13 (c) agreement," which is mandated by federal law because the district receives federal funding pursuant to the Urban Mass Transportation Act of 1964, 49 U.S.C. § 1601 et seq.[2] That agreement sets forth requirements for dispute resolution and provides that grievances may be submitted for arbitration in accordance with the collective bargaining agreement.

In June, 1990, the union commenced grievance proceedings alleging that maintenance on certain vehicles was not being performed by its members as required by the collective bargaining agreement. The parties proceeded to arbitration, and a single, neutral arbitrator was appointed by the American Arbitration Association. On the first day of arbitration, October 25, 1990, the union's counsel stated that a three member panel made up of a neutral arbitrator and one chosen by each party should hear the dispute. After some off-the-record discussion, the arbitrator suggested that the hearing proceed and include argument as to whether a three member panel was required. The arbitrator would then issue a draft decision on both the substantive dispute and the issue of who should have arbitrated the matter. The parties were told that if the arbitrator found that the hearing should have been heard by a three member panel, he would present his draft decision to the parties so they could request such a panel that would then review and vote on the draft decision. The union's counsel agreed to these procedures. The district's counsel objected, but nevertheless participated in the hearing that day and throughout further hearings.[3]

---

[2] Section 11 of the 13 (c) agreement provides in pertinent part: "In the event of any labor dispute involving [the District] . . . or the employees covered by this agreement . . . such dispute may be submitted at the written request of either the Union . . . or the [District] to a board of arbitration selected in accordance with the existing collective bargaining agreement . . . ."

[3] At the October 25, 1990 session, the arbitrator asked the district's counsel, "[D]o you feel that you would be prejudiced if we proceed under the

On April 25, 1991, the arbitrator issued his draft decision, finding in favor of the union on the substantive issue and crafting a remedy in accordance therewith. Although the arbitrator determined that the district had not violated the collective bargaining agreement, he found that it did violate the 13 (c) agreement. The arbitrator also determined that under these contracts, the three member panel was required. Pursuant to the procedures discussed on October 25, 1990, copies of the decision were mailed to the parties, who had until May 14, 1991, to make written requests for review by a three member panel. The union chose to accept the decision. Because neither party requested review by a three member panel, the arbitrator made the draft decision final on May 16, 1991. It was then signed by the arbitrator and the union's counsel. The district declined to sign the decision.

On May 24, 1991, the district moved in the Superior Court to vacate the arbitration award, claiming that the arbitrator had exceeded his authority under General Statutes § 52-418 (a) (4). On June 17, 1991, the defendant moved to confirm the award. On October 9, 1991, the trial court issued a memorandum of decision denying the district's request to vacate the arbitration award and granting the union's request for confirmation. This appeal followed.

The district first claims that the arbitrator lacked authority to render an award because he ultimately determined that a three member arbitration panel should decide the grievance. We disagree.

proposal that I've made here today?" Counsel replied, "I can waive no rights as I sit here for the Greater Bridgeport Transit District as a public body without bringing it before them." Later, counsel told the arbitrator, "I just want to comment on your ruling . . . and that was [that] I did note an objection with the statement that I could not agree to anything on behalf of the district." The arbitrator replied, "I understand your objection . . . and it's noted."

At the outset, we note that as a reviewing court we afford great deference to arbitrators' decisions; *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); *Board of Education* v. *Hartford Federation of School Secretaries,* 26 Conn. App. 351, 352, 600 A.2d 1053 (1992); since the scope of our review is limited by General Statutes § 52-418 and the terms of the parties' contract. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 22, 453 A.2d 1158 (1983); *Board of Education* v. *Hartford Federation of School Secretaries,* supra, 353. Specifically, our review is limited to a comparison of the award with the submissions, and to a determination of whether the award conforms to the submissions. *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 338–39, 555 A.2d 406 (1989). The party seeking to vacate the award has the burden of demonstrating its nonconformity to the submission. Id., 339; *Board of Education* v. *Hartford Federation of School Secretaries,* supra, 353–54.

Here, the trial court found that the parties' contracts provided that disputes are to be arbitrated in accordance with their collective bargaining agreement, and that an arbitration decision is final and binding on the parties. The court also determined that the parties did not restrict the submission so as to authorize the arbitrator to consider only the specific grievance at issue. As a result, determination of whether a single arbitrator was permissible or whether a tripartite panel was required was a matter within the scope of the unrestricted submission. *Board of Education* v. *Hartford Federation of School Secretaries,* supra; *Hartford* v. *IAFF, Local 760, AFL-CIO, CLC,* 24 Conn. App. 254, 257–58, 587 A.2d 435 (1991). "Where the parties contractually agree to a procedure and have delineated the authority of the arbitrators, they must adhere to, and are bound by, the limits which they have set." *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207,

211–12, 470 A.2d 1219 (1984); *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62, 357 A.2d 466 (1975). Further, even though the collective bargaining agreement does not require any specific number of arbitrators, it is well settled that when the submission is silent an arbitrator nevertheless is empowered to decide factual and legal questions, and that his award cannot be vacated on the ground that his construction of the agreement was erroneous. *Bic Pen Corporation* v. *Local No. 134*, 183 Conn. 579, 584, 440 A.2d 774 (1981). Finally, it is noteworthy that the district could have submitted the question of the arbitrator's authority to a designated court pursuant to General Statutes § 52-415, an option "designed to enhance . . . the process of rapid, informal dispute resolution." *Daginella* v. *Foremost Ins. Co.*, 197 Conn. 26, 34, 495 A.2d 709 (1985); *Trumbull* v. *Trumbull Police Local 1745*, supra, 216. The district did not do so, but instead chose to participate in all three days of the arbitration proceeding. On the basis of the record provided in this case, we conclude that the trial court correctly determined that the arbitrator had the authority to decide the number of arbitrators.

The district next claims that the arbitrator's award did not conform to the submission because it did not agree to submit to the arbitrator the issue of whether the grievance should be decided by a single arbitrator or a tripartite panel. We disagree.

When the parties have contractually agreed to resolve their disputes by arbitration, "the arbitration clause in the contract is a written submission to arbitration." *Vail* v. *American Way Homes, Inc.*, 181 Conn. 449, 451, 435 A.2d 993 (1980); *Morganti, Inc.* v. *Boehringer Ingelheim Pharmaceuticals, Inc.*, 20 Conn. App. 67, 74, 563 A.2d 1055 (1989). A challenge to the authority of the arbitrator is limited to a comparison of the award to the submission. *Daley* v. *Hartford*, 215

Conn. 14, 23, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990). To decide if an arbitrator has exceeded his authority, a reviewing court examines the submission together with the award to determine if the award conforms to the submission. *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983). Every reasonable presumption will be made in order to sustain an award. *Bic Pen Corporation* v. *Local No. 134,* supra. If the submission does not contain limiting or conditional language, then the submission is unrestricted. Id., 584–85. If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985). Further, an arbitrator is not required to decide the issues presented according to law if the submission is unrestricted. *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 106–107, 438 A.2d 1171 (1981). In this case, the trial court found that the arbitration provision was unrestricted and that neither party sought to restrict the submission. As we have frequently stated, we cannot, and do not, retry the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980). Therefore, the trial court correctly determined that the award conformed to the submission.

Finally, the district advances a two-pronged attack on the trial court's finding that the submission was made pursuant to both the collective bargaining and 13 (c) agreements. The district first claims the arbitrator exceeded his authority by construing the 13 (c) agreement after finding that there had been no violation of the collective bargaining agreement. Second, even if application of the 13 (c) agreement was proper, it was incorrectly interpreted. Again, we disagree.

Our review of the contracts discloses that the 13 (c) agreement is specifically incorporated into the collective bargaining agreement, a fact the district concedes in its brief. Although the maintenance grievance was submitted pursuant to the arbitration provision in the collective bargaining agreement, in light of the fact that this agreement incorporates the 13 (c) agreement, it is of no moment that the demand for arbitration did not specifically refer to the arbitration clause in the 13 (c) agreement. The trial court correctly determined that the arbitrator's finding of a violation of the 13 (c) agreement conformed to the submission of all issues arising under that agreement and the parties' collective bargaining agreement. As to the district's claim that the arbitrator improperly interpreted the 13 (c) agreement, this is a factual determination that, as stated above, we cannot and do not retry. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra.

The judgment is affirmed.

In this opinion the other judges concurred.