[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATOR'S AWARD
On January 1, 1988, the plaintiff, Metropolitan District Commission ("MDC"), and the defendant, American Federation of State, County and Municipal Employees, Council 4, Local 184 ("AFSCME"), entered into a written collective bargaining agreement, providing for arbitration in the event the parties were unable to resolve any dispute.
Subsequently, the parties were unable to resolve a dispute and agreed to submit the matter to the expedited arbitration procedure under Board Rules and Regulations 31-91-51 and an arbitration hearing was held on March 23, 1992. The parties, however, were unable to agree on a submission and the arbitrator pursuant to the Board Rules, identified the following issue:
 Did the MDC violate the Collective Bargaining Agreement when it failed or refused to pay the Grievants double time for overtime performed on January 17, (1988).
If so, what shall be the remedy?
On May 5, 1992, the arbitrator rendered the following award:
 The aggrieved employees are each to be paid for four (4) hours at their rate of pay in effect on January 17, 1988.
On May 18, 1992, MDC filed this application to vacate the arbitration award pursuant to General Statutes 52-418 on the grounds that the arbitrator improperly framed the issue and, as a result, did not issue a final, mutual and definite award; that the rights of the plaintiff were prejudiced by the actions of the arbitrator because findings of fact were in error and unsupported by the evidence; the arbitrator ignored sections of the agreement which were determinative of the issue; and the arbitrator exceeded her authority. CT Page 4154
Judicial review of an arbitrator's decision is limited to a comparison of the award with the submissions, and to a determination of whether the award conforms to the submission. Greater Bridgeport Transit District v. Local 1336, 28 Conn. App. 337, (1992). Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rest on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission. Board of Education v. Waterbury Teachers Assn., 216 Conn. 612, 618, (1990).
It should be noted that although the plaintiff raises four grounds for vacating the arbitration award in its application, the plaintiff only briefed two of those grounds in its brief filed July 27, 1992. Those issues not briefed are deemed waived and the court need not address them. See, e.g., Esaw v. Friedman, 217 Conn. 553, 554 n. 1, (1991); Cohen v. Security Title Guaranty Co., 212 Conn. 436, 437 n. 1, (1989).
The plaintiff first argues that the arbitration award should be vacated on the ground that the arbitration added to or modified section 8.9 of the collective bargaining agreement in direct violation of section 18.6 of the agreement. Section 18.6 provides, in pertinent part, that "[t]he [arbitration] panel shall be barred by, and must apply all the terms of this agreement, and shall have no power to add to, subtract from, or in any way modify the provisions of this agreement."
Section 8.9 provides, in relevant part, that "[w]hen an employee is notified of a schedule change and must report for working less than twelve (12) hours, they (sic) shall be paid twice their base rate for the first eight (8) hours of said assignment." (Emphasis added.) Id., Article 8.9a(2). The plaintiff argues that the arbitration panel created a new contract provision by reading section 8.9a together with a portion of the introduction to the collective bargaining agreement stating that "time limits specified as days in this agreement will be considered as working days." Specifically, the plaintiff asserts that such a reading had the effect of changing the "twelve hour" time limit to some other time limit expressed in days.
In support of its argument the plaintiff relies upon the discussion portion of the arbitration award. Ordinarily, "[t]he memorandum of the arbitrator is irrelevant. . . . [It] may, CT Page 4155 however, be examined to determine if an arbitrator has exceeded his or her authority. . . ." (Citations omitted.) Board of Education v. AFSCME, 195 Conn. 266, 271, 487 A.2d 553 (1985). Although the arbitrator did refer to the fact that days means working days, she went on to state that "[s]ection 8.9a mandates that a less than 12 hours notification of schedule change will result in the effected employee being paid at twice their base rate for the first eight (8) hours of said assignment." (Emphasis added.) Exhibit B. The arbitrator went on to find that the facts "clearly established that the Grievant's (sic) were not given the requisite contractual 12 hours. . . .notice." (Emphasis added.) Id. We conclude that the arbitrator, in interpreting the collective bargaining agreement, did not change the twelve hour time limit to some other time limit expressed in days, and thus did not exceed her authority.
Plaintiff's claim that the arbitrator's finding of facts and award were in error and not supported by the facts is based upon this same argument. Plaintiff's application to vacate the arbitration award is denied.
Wagner, J.