[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action to vacate an arbitration award of October 13, 1992 as to "Issue II" only. The Issue II that the arbitrator said was framed by him is as follows:
"II. Did the State violate Article 14 of the collective bargaining agreement when it represented the positions of 16 Detail Officers as 5 day posts and changed the work schedules of some Correction CT Page 6914-A Officers assigned to those positions from every other weekend off to 5 day posts/5 and 2 schedules using inverse seniority for correction officers who did not volunteer?
If so, what shall the remedy be?"
That issue was not framed by either of the parties. That issue was not framed until the arbitrator had reviewed the record "including documentary and testimonial evidence." The plaintiff was never told of the issues framed by the arbitrator until it received the award.
The parties each submitted a proposed issue for arbitration. Because the court finds that each of those proposals dealt with various employee positions the court concludes that the fact that the arbitrator set out his submission as two separate issues does not by itself indicate he exceeded his powers. Greater Bridgeport Transit Dist. v. Amalgamated Transit Union, Local 1336,28 Conn. App. 337, 341, 343.
Our arbitration statute C.G.S. Chap. 909, contemplates that a CT Page 6914-B hearing be held at a time and a place. C.G.S. 52-413. It also contemplates notice to the parties, id.
Although we have only one arbitrator here the statute makes provisions for arbitration panels of more than one. C.G.S. 52-414. If in our case we had had a panel of three a majority would be allowed to frame the submission, id. Permitting a majority to do that after reviewing the record in "including documentary and testimonial evidence" would guarantee a very strange decisional conference among the arbitrators.
In court actions we require fact pleading to set out the issues to be tried. P.B. 108. The pleadings are to be before the court before the trial begins P.B. 258. (Also see 164 and 176). Our rules of practice make it clear that we do not believe a trier and finder of facts can operate in a vacuum. The trier must have the issues before him before he begins to accumulate and find the facts relevant to deciding the issue.
There is a certain necessary chronology in decision making whether it be by courts, arbitrators or statutory committees. First, CT Page 6914-C the issue must be spelled out in some fashion. Next the facts must be presented. Lastly the facts must be found and a decision made. Regulations of Connecticut State Agencies 31-91-34 through 44. Misalignments in that chronology are frowned upon. The State v. Suffield and Thompsonville Bridge Co., 82 Conn. 460,468-470 (committee decision re value before evidence considered).
If the submission were not to exist before the case was to be heard we would not need the rule that a submission "should state the specific question to be decided with definiteness and it should be of such a nature that the award which follows will answer the question with exactitude." International Brotherhood of Teamsters v. Shapiro, 138 Conn. 57, 68-69. This rule exists even where the arbitrators act ex parte, id.
Although the plaintiff only seeks to set aside "Issue II", the first issue is so clearly grappled to the total decision of the arbitrator, the proposed submissions of both parties and Issue II itself that even a neap tide will float it out of this action with Issue II. Equity would allow no other result. Moriarity v. Mason, 47 Conn. 436,438. In addition the statute permitting an application to CT Page 6914-D vacate "the award" does not speak of "issues" within an award or of parts of an award but only "the award." C.G.S. 52-418. The court does not have the power cut out one segment of the award.
The arbitrator never had power to hear a case without a submission. If such power were to be given to the arbitrator he could frame his submission to fit his award. That is not justice or the purpose of arbitration.[1]
Motion to Vacate is granted as to the award.
O'Neill, J.