[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Council 15, Local 1575, brought an application to the court to vacate an arbitration award which had been entered on February 22, 1994 in case No. 9192-A355(m). The Town of New Canaan brought a motion to confirm the same arbitration award, which motion was dated June 24, 1994. The union's motion to vacate and the Town's motion to confirm present exactly the same issue and apply to precisely the same award.
The parties appeared before the State Board of Mediation and Arbitration on January 31, 1992. After reviewing various preliminary matters, the arbitration panel chairman, Arbitrator Stewart, asked whether there was agreement on the statement of the issues. The parties each submitted separate statements of the issue. Since the parties did not have an agreement on a written issue, Arbitrator Stewart stated "absent agreement concerning the issue, as the advocates know, the panel retains authority to frame the issue."
The union stated the issue as follows:
 "The issue was whether or not he [Kinsley] was terminated for just cause. If not, what shall be the remedy.?"
The Town stated the issue in two parts as follows: CT Page 8078
 "1. Was the termination of the employment of Christopher Kinsley on August 14, 1991 for just cause?
 2. Did the Town of New Canaan and the Police Commission in terminating Kinsley's employment violate any specific provision of the agreement between the Town and the Union?"
When the State Board of Mediation and Arbitration rendered its decision on February 22, 1994, it stated the issue as stated by the union. Its statement of the issue in the Memorandum of Decision was as follows:
 "Was Christopher Kinsley discharged for just cause? If not, what shall be the remedy?"
The panel concluded, following days of testimony, that Kinsley had been discharged from his position as a police officer for the Town of New Canaan for just cause. In the present appeal the sufficiency of the record to justify that conclusion is not questioned by the union. The sole issue presented by the present appeal is phrased by the union in its brief as follows:
 "What is therefore involved here is whether the Board of Mediation and Arbitration can bootstrap jurisdiction to hear a case where the parties have not arrived at an agreement on its terms."
The sole authority for the union's position is found in a decision in State of Connecticut v. AFSCME, reported in 8 CSCR 1005
(October 11, 1993), wherein O'Neill, J., held as follows:
 "There is a certain necessary chronology in decision making whether it be by courts, arbitrators or statutory committees. First, the issue must be spelled out in some fashion. Next the facts must be presented. Lastly the facts must be found and a decision made. Regulations of Connecticut State Agencies §§ 31-91-34 through 44. Misalignments in that chronology are frowned upon. The State v. Suffield and Thompsonville Bridge Co., 82 Conn. 460, 468-470." CT Page 8079
The essence of Judge O'Neill's holding appears to be that when the parties fail to agree on the issue, the arbitrators admittedly have the right to frame the issue but they must inform the parties what the issue is, as they have framed it, before the introduction of evidence.
In Judge O'Neill's decision the issue as framed by the arbitrator was:
 "II. Did the State violate Article 14 of the collective bargaining agreement when it represented the positions of 16 Detail Officers as 5 day posts and changed the work schedules of some Correction Officers assigned to those positions from every other weekend off to 5 day posts/5 and 2 schedules using inverse seniority for correction officers who did not volunteer? If so, what shall the remedy be?"
Judge O'Neill's decision indicates that the issue was not framed by either of the parties.
Unlike Judge O'Neill's case, in the present case, the issue was framed by each of the parties, although framed in a slightly different manner. In addition, the issue was framed by the arbitrators in nearly the same language as by the union who now moves to vacate relying on the principles enunciated by Judge O'Neill.
The court notes that the issue in Judge O'Neill's case appears to be formulated as a relatively complicated proposition. Faced with such a complicated issue, and no formulation by the parties, this court might be inclined to agree with Judge O'Neill that basic fairness demands that the parties know the issue before the presentation of evidence and the review of the record.
In the instant case, while there is a slight difference in the formation of the issues, there is no question that all parties knew prior to the hearing that the question for determination was the propriety of the discharge of Patrolman Christopher Kinsley.
Judge O'Neill held: CT Page 8080
 "The arbitrator never had the power to hear the case without a submission. If such power were to be given to the arbitrator, he could frame his submission to fit his award. That is not justice or the purpose of arbitration."
In the instant case, the panel of arbitrators could not significantly change the question which was before it. The court holds that the issue as framed by the union and the issue as framed by the Town were sufficiently similar to give fair and reasonable notice to the parties of the issue that was before the arbitrators. In addition, since the arbitrators framed the issue as the union had submitted it, the union can not now be heard to complain that it did not have fair notice.
For the foregoing reason, the motion to vacate the arbitration award is denied and the motion to confirm the arbitration award is granted.
THE COURT:
BY KEVIN E. BOOTH, JUDGE