[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff Metropolitan District Commission ("MDC") has applied to this Court under General Statutes § 52-418 to vacate a labor arbitration award issued by the State Board of Mediation and Arbitration ("State Board"). By a pleading dated September 27, 1993, the defendant, American Federation of State, County and Municipal Employees, Council 4, Local 184 ("Union"), has answered the plaintiff's Application and submitted its own Counter-Application to confirm the award under General Statutes § 52-417. On October 12, 1993, the parties appeared before the Court pursuant to an Order to Show Cause and the Court, in accordance with the parties' request, ordered briefs to be filed on or before November 9, 1993. Finally, after considerable additional delay, the matter was placed on the short calendar and submitted for final decision.
The Union and the MDC are parties to a collective bargaining agreement (the "Agreement") which provides as follows for the arbitration of disputes with respect to the CT Page 7268 interpretation and application of the Agreement:
 18.1 . . . Any unresolved dispute between an employee and/or the Union involving the interpretation or application of the terms of this agreement, shall be processed in accordance with the following procedure. . .
 18.6 If the grievance is not resolved through mediation, only the Union may seek arbitration of the grievance before the State Board. The Union may elect expedited arbitration for any grievance except for discharge or classification issues. . .
 18.6a The arbitration panel shall decide only one (1) grievance. The decision of the panel shall be final and binding as provided by law. The panel shall be bound by and must apply all the terms of this agreement, and shall not have the power to add to, subtract from, or in any way modify the provisions of this agreement.
Agreement, pp. 29-30.
The State Board of Mediation and Arbitration has adopted Rules and Regulations regarding expedited arbitration the following:
 § 31-91-51. Request for expedited arbitration
 (a) Upon mutual request by both parties to a dispute, the board will process the dispute according to the following expedited arbitration procedure:
 (1) There shall be no stenographic record CT Page 7269
(2) There shall be no briefs
 (3) There shall be no written opinion, accompanying award
 (4) A single arbitrator may hear the case a t the option of the parties
 (5) All other requirements of the board's regulations concerning arbitration, which are not in conflict with this sub-section, shall apply unless waived by mutual agreement of the parties and the board chairman
Conn. Agencies Regs. § 31-91-51. Pursuant to the parties' request, expedited arbitration was conducted before a single arbitrator.
The issues before the arbitrator were framed as follows:
 Did the MDC violate the Collective Bargaining Agreement when it failed to pay double time to employees of the WPF in accordance with § 8.12 of the Contract?
If so, what shall be the remedy?
Award. After hearing the case, the arbitrator issued the following Award:
 After an analysis of all the evidence as presented the Arbitrator is persuaded by the weight of the evidence that the MDC did violate the Collective Bargaining Agreement when it failed to pay double time to employees of the WPF in accordance with § 8.12 of the Contract. The grievance is sustained. The aggrieved employees are to be paid the difference between the time and one half pay which they received and the double time pay which they should have received.
Award. CT Page 7270
The plaintiff claims, in its Application to Vacate, that in issuing the award, the arbitrator exceeded his authority under the Agreement by modifying the clear terms of Article 8.12 thereof, which provides as follows:
 8.12 Double time will also be paid for any special work, scheduled on Sundays and Holidays, exclusive of the regular plant routine and shift operations.
Under Article 8.12, it contends, the only work on Sundays and Holidays for which double time must be paid is "special work." Therefore, claims the plaintiff, the arbitrator violated the clear terms of the Agreement by sustaining the Union's grievance without first finding that the work for which double time was sought was "special work" within the meaning of Article 8.12.
In its Application to Vacate, the plaintiff further claims that in issuing the subject award, the arbitrator "did not adhere to the Board's Rules and Regulations governing expedited awards." Application to Vacate, ¶ 9. This non-specific allegation, however, was not briefed by the plaintiff, and thus is considered abandoned.
 I
"Because . . . [Connecticut courts] favor arbitration as a means of settling private disputes, [they] undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrityv. McCaskey, 223 Conn. 1, 4-5 (1992) (citations omitted). Judicial review is authorized by General Statutes §52-418(a)(4), which provides, in relevant part, that
 Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) . . . the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject, matter CT Page 7271 submitted was not made.
Under Section 52-418(a)(4), an arbitration award is not subject to vacatur unless it is unless it is unconstitutional, it is issued in violation of public policy or in manifest disregard of the law, or it fails to conform to the submission. Garrity v. McCaskey, supra, 4. The instant case does not involve a challenge to the constitutionality of the award or to its consistency with public policy. Nor does it involve a claim that the award was in "manifest disregard of the law," a standard which does not permit review of mere errors of law, but is "reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Id., 10-11. Therefore, the only remaining basis upon which the award can lawfully be challenged is that it failed to conform to the submission.
In determining whether an award conforms to the submission, one must first establish the parameters of the submission. That, in turn, depends both on the arbitration clause of the parties' agreement, Greater Bridgeport TransitDistrict v. Local 1336, 28 Conn. App. 337, 342 (1992), and on the issues as framed by the parties for the arbitrator's decision. Board of Education v. AFSCME, 195 Conn. 266, 269-270
(1985); City of Hartford v. Local 760, 6 Conn. App. 11,13-14 (1985).
The arbitration clause in the parties' agreement is said to be "unrestricted" unless it contains express language which restricts the breadth of the issues which may be submitted for arbitration, reserves explicit rights or conditions the award on court review. Garrity v. McCaskey, supra, 5. An arbitration clause in a collective bargaining agreement is unrestricted when it authorizes the arbitrator to resolve all disputes involving interpretation or application of the terms of the agreement. Greater Bridgeport Transit District v.Amalgamated Transit Union, Local 1336, supra, 343.
"When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." Garrity v. McCaskey, supra, 4. Connecticut courts do not apply the broader scope of review of arbitration awards that is permitted in federal court. East Hartford v.East Hartford Municipal Employees Union, Inc., 206 Conn. 643, CT Page 7272 653-654 (1988)
Whether or not an award conforms to the submission is an inquiry which asks simply whether or not the arbitrator has answered the questions lawfully put to him. If he answers those questions and no others, then his award conforms to the submission.
 II
In this case, the arbitration clause of the parties' Agreement clearly evidences an unrestricted submission, for it empowers the arbitrator to resolve any dispute involving the interpretation or application of the Agreement. The issues framed for the arbitrator's decision, moreover, involve questions which fall squarely within the scope of his authority under the Agreement, for they ask whether or not a particular provision of the Agreement was violated by the plaintiff's failure to pay certain wages for work on Sundays, and if so, what is the proper remedy for said contractual violation. Because the arbitrator directly answered these very questions and no others in issuing his award, the award conforms to the submission, and must therefore be upheld.
The plaintiff contends that notwithstanding the foregoing analysis, the Court retains the power to vacate an arbitration award if the award, although conforming to the submission can otherwise be shown to violate the parties' agreement. On that basis, it asks this Court to reexamine the language of the contested provision of the contract and to reach its own conclusion as to the meaning of its terms.
In support of the plaintiff's argument, it relies on the case of Waterbury Board of Education v. Waterbury TeachersAssociation, 168 Conn. 54, 62-63 (1975), wherein our Supreme Court, quoting from its own then-recent decision in CostelloConstruction Corporation v. Teamsters Local 559, 167 Conn. 315
(1974), made the following observations concerning the proper scope of a court's review of an arbitration award:
 As we recently stated, "[t]he scope of judicial review of an arbitration award is limited by statute and by the contractual agreement between the parties Costello Construction Corporation v.CT Page 7273 Teamsters Local 559, supra, 318. In that decision we reaffirmed the principle which protects the integrity of arbitration awards, namely, that where the issue of arbitrability is committed to an arbitrator for determination, "the Court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 General Statutes, or procedurally violates the parties' agreement." Thus, the more conformity of the submission to the award does not foreclose the court from reviewing whether that award is in violation of the parties' agreement.
Waterbury Board of Education v. Waterbury TeachersAssociation, supra, 62-63 (Emphasis supplied). Because, it claims, the arbitrator in the instant case was bound by Article 18-6a of the Agreement not "to add to, subtract from or in any way modify [its] provisions . . .," this Court must reject the arbitrators' award since it modified the true meaning of Article 8.12, and thereby "procedurally violate[d] the parties' agreement." Waterbury Teachers Association,
supra.
The Court rejects the plaintiff's argument for the following reasons. First, the cases on which the plaintiff relies do not authorize courts to make de novo interpretations of substantive contract provisions when reviewing arbitration awards. Instead, they permit courts, in determining whether or not to enforce such awards, to take account of and enforce other provisions of the contract which make them procedurally
unenforceable. In Waterbury Board of Education, for example, review of the procedural propriety of an arbitration award did not involve a reexamination of the substantive issues before the arbitrator, but an inquiry whether or not the arbitrator had the power under the agreement to arbitrate those issues at all. Though concluding that the party arguing against arbitrability in the case before it had waived its right to contest arbitrability by not raising his objections before the arbitrator, the Court decided that in the absence of such a waiver, a contractual challenge to arbitrability could indeed be presented to the trial court on a motion to vacate even where the award conformed to the submission. CT Page 7274
Similarly, in Costello Construction Corporation v.Teamsters Local 559, supra, on which the Waterbury Board ofEducation decision was based, the procedural violation of the parties' agreement which the Court found to be reviewable on a motion to vacate involved not the merits of the disputed issues before the arbitrators, but the arbitrability of those issues in light of the asserted untimeliness of the aggrieved party's filing for arbitration. There, though the award was found to conform to the submission, the Court found that the decision of the arbitrator was reviewable for alleged violations of contractual requirements which procedurally limited the arbitrators' powers. Plainly, this case does not stand for the proposition that arbitrators may redecide substantive contractual issues submitted for the arbitrators' decision. Accord, North Haven Association of EducationSupport Staff v. Board of Education, 209 Conn. 280, 286
(1988) (citing the Waterbury Board of Education case for the proposition that courts reviewing arbitration awards may do more than merely determine whether the award conforms to the submission where it is brought to their attention that under the parties' agreement, the arbitrators had no power either to issue the award in the first place or to make it binding upon the parties).
Apart from the foregoing authorities, which clearly do not support the plaintiff's legal position, there are important reasons of policy for rejecting their claim. If parties to an arbitration could ask courts to conduct de novo
reviews of arbitrators' factual and legal decisions on the ground that they were based on the erroneous construction and application of contract provisions, virtually every arbitration award could be so reviewed. Such a practice would overburden the legal system with time-consuming reviews of matters now formally and finally decided by arbitrators, with the result that the entire arbitration process would be devalued and the courts would be further clogged.
In a case like the present case, moreover, such a conclusion would be especially counter-productive and nonsensical, for here, the parties' Agreement specifically provides that, "Any unresolved dispute . . . involving the interpretation or application of the terms of the agreement shall be processed under the terms of the Agreement;" Agreement, ¶ 18.1; "only the Union may seek arbitration of the CT Page 7275 grievance before the State Board;" id., ¶ 18.6a.; and "[t]he decision of the panel shall be final and binding as provided by law." Id., ¶ 18.6a. By agreeing to these terms, the MDC agreed to let matters of contract interpretation and enforcement between itself and the Union be formally and finally be decided by arbitrators from the State Board. This important, negotiated-for part of the parties' Agreement would have no meaning if the MDC could ask this Court to second-guess the arbitrators in virtually every contract interpretation dispute, on the theory that the arbitrators improperly "modified" the agreement by not agreeing with the MDC's interpretation of its relevant provisions.
In sum, the Court must agree with the Union that in this case, its only proper function in reviewing the arbitrator's award is to determine whether or not the award conforms to the submission. There being no procedural impediment in the Agreement to the enforcement of the award, which does indeed conform to the submission, the Court hereby denies the plaintiff's Application to Vacate that award and grants the Union's Counter-Application to Confirm the Award.
Michael R. Sheldon, Judge