## WILLINGTON EDUCATION ASSOCIATION *v.* BOARD OF EDUCATION OF THE TOWN OF WILLINGTON (AC 16140)

Landau, Schaller and Spear, Js.

Submitted on briefs March 6—officially released July 22, 1997

*William J. Dolan* filed a brief for the appellant (plaintiff).

*Donald W. Strickland* and *Richard F. Vitarelli* filed a brief for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Willington Education Association (union), appeals from the judgment, rendered after a trial to the court, denying its application to correct an arbitration award. On appeal, the union claims that the trial court improperly permitted language in the award to remain that exceeded the scope of the submission to the arbitrator. We affirm the judgment of the trial court.

The following facts are necessary for the resolution of this appeal. The union and the defendant board of education (board) are parties to a collective bargaining agreement (agreement) that provides that, before there is any change in the health insurance carrier, format or coverage, the board is required to give the union an opportunity to review the proposed changes. The agreement further provides that, if the parties cannot agree on the proposed changes, those changes are to be submitted to binding arbitration before an impartial arbitrator with expertise in insurance.

Upon reaching an impasse regarding the proposed changes to the health insurance plan, the parties submitted the following disputed issue for resolution to the arbitrator: "Whether the ConnectiCare Point of Service and HMO insurance coverage proposed by the [board] is substantially equivalent to the criteria for insurance coverage set forth in Article 18.A in terms of benefits, coverage and administration." On November 27, 1995, the arbitrator issued the following award: "The Connecticut Point of Service and HMO insurance coverage proposed by the [board] is substantially equivalent to the criteria for insurance coverage set forth in Article 18.A in terms of benefits, coverage and administration with the exception of choice of providers and costshare provisions for dependents residing out of state. *The [b]oard can achieve equivalency if it provides out of state benefits at the in-network rate for dependents residing out of state within 60 days.*" (Emphasis added.)

After the board announced its intention to comply with the arbitrator's decision of equivalency concerning out-of-state dependents and that a change to ConnectiCare was planned, the union filed an application to correct the award pursuant to General Statutes § 52-419. The union requested that the second sentence of the award be deleted because it is outside the scope

of the submission to the arbitrator.[1] The trial court denied the union's application to correct the award. This appeal followed.

The scope of an arbitrator's powers are well established. "The parties themselves, by the agreement of submission, define the power of the arbitrator. . . . The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure, and have delineated the authority of the arbitrator, they must be bound by those limits . . . . An application to vacate or correct the award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, [the court] need only examine the submission and the award to determine whether the award conforms to the submission. . . . *Bic Pen Corp.* v. *Local No. 134*, 183 Conn. 579, 583–84, 440 A.2d 774 (1981). As noted, [i]n determining whether a submission is unrestricted, we look to the authority of the arbitrator. *Fraulo* v. *Gabelli*, 37 Conn. App. 708, 715, 657 A.2d 704 (1995). The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted. *Garrity* v. *McCaskey*, 223 Conn. 1, 5, 612 A.2d 742 (1992); *International Assn. of Firefighters, Local 1339, AFL-CIO* v. *Waterbury*, 35 Conn. App. 775, 778, 647 A.2d 361 (1994). When parties mutually agree to submit their dispute to arbitration, judicial review is limited in scope and the resulting award is not reviewable for errors of law or fact. See *Hartford* v. *Board of Mediation & Arbitration*, 211 Conn. 7, 14, 557 A.2d 1236 (1989); *New Haven* v. *AFS-*

---

[1] The union also requested a stay pending the final disposition of the application.

*CME, Council 15, Local 530*, 208 Conn. 411, 415–16, 544 A.2d 186 (1988); *Greater Bridgeport Transit District* v. *Amalgamated Transit Union, Local 1336*, 28 Conn. App. 337, 343, 610 A.2d 1324 (1992)." (Internal quotation marks omitted.) *Steiner* v. *Middlesex Mutual Assurance Co.*, 44 Conn. App. 415, 424–25, 689 A.2d 1154 (1997).

An arbitration award may be modified or corrected, however, if the award violates any one or more of the proscriptions in § 52-419. Section 52-419 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy." In the present case, the union argues, pursuant to § 52-419 (a) (2), that the arbitrator's award exceeded the scope of the submission.

We note that "[s]ince the parties consent to arbitration, and have full control over the issues to be arbitrated, a court will make every reasonable presumption in favor of the arbitration award . . . . The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it, and only upon a showing that it falls within the proscriptions of [§ 52-419] . . . or procedurally violates the parties' agreement will the determination of an arbitrator be

subject to judicial inquiry. *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 145–46, 523 A.2d 1271 (1987); *Malecki* v. *Burnham*, 181 Conn. 211, 214, 435 A.2d 13 (1980)." (Internal quotation marks omitted.) *Steiner* v. *Middlesex Mutual Assurance Co.*, supra, 44 Conn. App. 425.

Because the submission in this case contained no limiting or conditional language, it was unrestricted. See *Bic Pen Corp.* v. *Local No. 134*, supra, 183 Conn. 584–85; *Bridgeport* v. *Bridgeport Police Local 1159*, 183 Conn. 102, 107, 438 A.2d 1171 (1981); *Board of Education* v. *Waterbury Teachers Assn.*, 2 Conn. App. 346, 348, 478 A.2d 616 (1984). Making every reasonable presumption in favor of the arbitrator's award, as we are required to do, the plaintiff has failed to sustain its burden to warrant judicial inquiry. *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, supra, 203 Conn. 145–46. Because the two sentences of the arbitrator's award answered the submission agreed to by the parties, we conclude that the arbitrator did not exceed her authority as defined by the submission. *Bic Pen Corp.* v. *Local No. 134*, supra, 585. The trial court properly denied the union's application to correct the award.

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

SPEAR, J., concurring. I agree with the result reached by the majority, but I disagree that the award answered the unrestricted submission agreed to by the parties. I view the award as going beyond the submission. Rather than stating clearly and unequivocally whether the proposed insurance coverage is substantially equivalent to the article 18.A criteria, the arbitrator used the second sentence of the award to state how such equivalency could be achieved.[1]

---

[1] The second sentence of the award states how the board can achieve "equivalency," not "substantial equivalency." It is clear from the first sen-

The issue in this case is similar to that in *Local 1078* v. *Anaconda American Brass Co.*, 149 Conn. 687, 183 A.2d 623 (1962). In that case, the question submitted to the arbitrator was: " 'Under the terms of the applicable Collective Bargaining Agreement is the Company's *present* operating practice . . . in violation of Article VI, Section 9?' " (Emphasis added.) Id., 689. The arbitrator awarded as follows: " 'The Company's present operating practice . . . does not violate Article VI, Section 9 so long as the work involved does not occupy the major portion of the foreman's time.' " Id., 689. The court stated that "[i]t is a truism frequently stated by this court that the charter of an arbitrator is the submission, and no matter outside the submission may be included in the award. The basic test of the validity of an award lies in its conformity to the terms of the submission." Id., 689–90. The Supreme Court affirmed the trial court's vacatur of the award because the arbitrator was not asked to give an opinion to guide future operations. "The arbitrator not only answered the question submitted but he also defined a course of conduct which could be followed in the future." Id., 690. The award exceeded the scope of the submission and could not be upheld. As in *Local 1078*, the arbitrator here exceeded her authority by including a future course of action that would make the proposed coverage substantially equivalent to the criteria.

I agree, however, that the trial court properly denied the union's application. The union did not apply to vacate the award. Instead, it filed an application to correct the award. An application to correct should be granted only where " 'by so doing, the merits of the portion of the award which is within the submission are

tence of the award that the proposed coverage is not substantially equivalent to the article 18.A criteria in the respects mentioned in the second sentence, therefore, the arbitrator's use of the word "equivalency" in the second sentence obviously means "substantial equivalency."

not affected.' " *Waterbury Construction Co.* v. *Board of Education*, 189 Conn. 560, 564, 457 A.2d 310 (1983). Striking the second sentence would affect the merits of the award because the proposed coverage would be substantially equivalent to the article 18.A criteria only if the board took the action recommended in that sentence. Accordingly, I would affirm the judgment of the trial court.