[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, State Farm, has filed an application to modify or correct an arbitration award. The parties had arbitration on the question of an uninsured motorist claim under the provisions of the policy issued to Sherry Kowalik. The policy provided that the defendant's uninsured motorist claim be subject to arbitration as outlined in the policy. On or about October 17, 2000, the arbitrators, pursuant to the agreement, made a written award. On October 25, 2000, the parties were duly notified of the award and the plaintiff is now contesting that award moving to modify or correct the award.
The plaintiff claims that the award is defective in that it contains an evident material miscalculation of figures. Specifically, while the arbitrators determined that the plaintiff, pursuant to the policy, was entitled to a reduction of the award for disability payments paid or payable to the defendant, the panel mistakenly failed to reduce the award by the amount of disability benefits, both paid and payable, to the defendant and instead reduced the award solely by the amount of disability benefits payable to the defendant. Because of that, the plaintiff claims the award should be modified or corrected to reflect a further reduction in the amount of disability benefits paid to the defendant. The defendant objects to the application to modify or correct the award on the basis, first of all that there were many issues in the case, that the arbitrators decided and, in fact, that they accepted part of arguments from both sides with respect to amounts payable and amounts already paid. He also states that the numbers the arbitrators arrived at were based upon their interpretation of the facts and exhibits and also their conclusion that they found neither the claimant's nor the respondent's economist's reports to be entirely persuasive given the dispute as to the permanency of the injuries from the accident. The defendants primarily claim that a motion to correct is needed because the arbitrators found that State Farm was entitled, pursuant to policy language, to a reduction of the award for payments made to Michael Kowalik, but they did not award any amount of money for payments already made. They found that State Farm was entitled to a reduction for disability benefits payable to Michael Kowalik in the future, but made no mention of an award for payments made in the past. However, the defendant points out that the arbitrators did say that they found neither the claimant's nor the respondent's economists' reports to be entirely CT Page 9477 persuasive given the dispute as to the permanency of the injuries received from the accident. In his brief, the defendant Kowalik also points out that the authority of the court in deciding a motion to correct is very limited.
The court must make every reasonable presumption in favor of an arbitration award and the party opposing it bears the burden of producing evidence to invalidate it. Willington Education Association v. Board ofEducation Town of Willington, 45 Conn. App. 769 (1997). The law states that the court will only modify an arbitrator's award if there has been "an evident material miscalculation." Connecticut General Statutes §52-419. The court does not have the power to modify an award which affects the merits. Pratt, Read Company v. United Furniture Workers ofAmerica, 136 Conn. 206 (1949). In order for the court to modify an award, there must be an "undisputed mathematical calculation." Lawrencev. New Hampshire Insurance Company, 29 Conn. App. 484, 497 (1992), citingChmielewski v. Aetna Casualty Surety Company, 218 Conn. 646 (1991). In fact, the statute 52-419 applies only to "clerical errors," according toArnie's Heating Air Conditioning v. Pace Construction, 1999 Conn. Super. Ct., 10982 (1999). In this case, State Farm seeks to go directly to the merits and have the court question the amount of the setoffs. The court finds that this is not a clerical error, but goes to the heart of the dispute that was before the arbitration panel. State Farm, in effect, is requesting the court to substitute its judgment for that of the arbitrators. Section 52-419 does not allow the court to get involved in deciding the ultimate issues in the case. There is no miscalculation as required by the statute. State Farm, in effect, is asking the court to review the evidence and make its own decision. This cannot be regarded as a clerical mistake. It is asking the court to substitute its judgment as to the merits of the case and the proper method of calculation. HaynesConstruction Company v. Emidio Woodworking Sons, Inc., Super. Ct., Judicial District at Hartford, D.N. 567164 (February 11, 1998, Lavine,J.)
In this case, therefore, the court cannot make a correction concerning disputed setoffs because that clearly goes to the merits of the case. The overwhelming case law supports such a decision. Accordingly, the court finds that the arbitrators' calculations were clearly a judgment call and not a miscalculation of figures or a clerical error as required by law.
Accordingly, the law requires that the findings be confirmed and the court denies the motion to modify or correct the arbitrator's award. Therefore, the court orders that the arbitration award be confirmed.
 ___________________ D. MICHAEL HURLEY CT Page 9478 JUDGE TRIAL REFEREE