[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are firefighters with the New Haven Fire Department who seek promotion to the rank of lieutenant. The defendant board is the entity authorized to promote firefighters to the rank of lieutenant. At issue in this lawsuit is whether the defendant has wrongfully failed to promote the plaintiffs to lieutenant.
The plaintiffs claim that but for the manipulation by the defendant Mayor, Fire Chief, and Board Members, of the budgeted CT Page 199 slots for lieutenant and captain positions, the plaintiffs all would have been eligible for and appointed to permanent positions as lieutenants, giving them a higher salary, greater job satisfaction, greater prestige, and more opportunity for further career advancement. They seek a temporary injunction against the expiration of the Civil Service eligibility list for lieutenants which would otherwise expire on January 22, 1998. Further they seek to temporarily enjoin the Civil Service Commission[1] from holding a test for the position of Fire Captain, a test now scheduled for March 1998, until such time as they are otherwise qualified to sit for such test.
THE PLAINTIFFS
The plaintiffs are all experienced New Haven firefighters who hold the rank of Firefighter 1st. They all took the Civil Service test for the position of lieutenant in the Fall of 1995 and scored 70% or higher. They were all certified as eligible for the position of Fire Lieutenant by the Civil Service Commission on January 22, 1996. The Civil Service Rules and Regulations[2], Rule IV, Sec. 3, provides that such an eligibility list is in effect for one year but not more than two years from the date of promulgation. Promotions are made by the Board of Fire Commissioners to the position of lieutenant from the eligibility list in order of their score. The Chief makes the recommendation to promote to the rank of lieutenant. All of the plaintiffs received assurances from the Fire Chief Martin O'Conner that he would make such a recommendation for them.
The Board of Fire Commissioners met and approved promotions to lieutenant for the first forty of the seventy firefighters on the list at the meetings in March, July, and October 1996. The plaintiffs remain eligible for promotion to lieutenant until the list expires on January 22, 1998. After that date there will be no eligibilty list for Fire Lieutenant until a new examination is administered. All of the plaintiffs are entitled to take the reexamination. In addition, approximately sixty firefighters who were not qualified to sit for the 1995 examination are qualified to sit for the new exam. The plaintiffs will thus compete against an expanding pool of candidates.
THE BUDGETED POSITIONS
In the current budget, there are twenty-five captain positions in the Fire Suppression Unit. In the current budget, CT Page 200 there are forty-five lieutenant positions. All are currently filled, although not necessarily with a person holding the rank of captain or lieutenant. For each budgeted slot, the Board has the authority to "underfill" the position. This practice allows the management of a city department such as the Fire Department during the term of the budget to choose to fill the budgeted slot with a person of another rank, provided the rank/salary of the person is lower than that budgeted. Underfilling allows management the flexibility to adjust its staffing needs by filling some slots which were originally planned for supervisors with rank-and-file staff as the need arises provided this does not put the slot over-budget.
Rather than fill all the budgeted captains slots with persons holding the rank of captain, management has chosen to use some of those slots only for a lieutenant's position, at the pay and benefits level of a lieutenant. Some lieutenant's slots have been underfilled by persons holding only a Firefighter 1st rank. Because of the perceived need of management for more new firefighters, some firefighter trainees have been hired and slotted in to positions originally budgeted for captains.
This process of underfilling to keep staff levels up and still remain within budget has been used for years by many departments of the City of New Haven. It is approved by the City Controller and by the Office of the Corporation Counsel. Significantly the plaintiffs do not challenge the general practice of underfilling positions. Indeed the plaintiffs themselves seek to be promoted by underfilling slots budgeted for captains which plaintiffs claim are or ought to be vacant. The plaintiffs would not be the next ranked individuals on the eligible lieutenants list had not several higher ranked candidates on the list been "underfilled" into captains slots already.
At present all captains and lieutenants slots in the budget are filled. The department anticipates openings in the rank of captain in the next year and has requested the Civil Service Commission to develop, schedule, and administer an examination for Fire Captain, due to be held in March 1998. The department has also requested the Civil Service Commission to hold a new test for the position of Fire Lieutenant, as budgeted slots are expected to open up in the summer.
All of the plaintiffs are members of Firefighters Local 825. CT Page 201 Under the Collective Bargaining Agreement between the City and Firefighters Local 825, the employer, in this case the defendants, maintains the exclusive right to direct the workforce, including making decisions about staffing needs. Nothing in the contract prohibits the defendants from underfilling a budgeted position.
THE COMPETING CLAIMS
The plaintiffs claim that they have a "right" to a promotion under the City Charter and the Collective Bargaining Agreement. While they do not challenge or seek to eliminate the practice of underfilling in general, they claim that the practice has been wrongfully used here to fill captains slots not with lieutenants, but with firefighter trainees. The motive for not filling the budgeted positions with newly promoted lieutenants, they claim, is nepotism, cronyism, and politics, all in violation of public policy. The plaintiffs ask the court to look behind the stated management decisions of the administrators of the Fire Department and find that a supervisory need for additional lieutenants actually exists at this time.
The defendants claim that there are no budgeted slots to fill through promotion, those slots all having been underfilled with new trainee firefighters in response to the need for such personnel. The plaintiffs simply were not reached for promotional slots before the impending expiration of the list but new slots are likely to open up again in 1998. The plaintiffs, along with others, are qualified to sit for the next test in order to be recertified for promotion to lieutenant. They have no "right" to be promoted to a slot for which there is no funding in the budget, that funding esssentially having been diverted to hire trainee firefighters.
CONCLUSION
The court must first decide whether this matter is ripe for adjudication in the Superior Court. The plaintiffs have filed a union grievance on this issue, which both sides concede has not been resolved at the Step III level and will shortly be lodged by the Union with the Connecticut State Board of Mediation and Arbitration.[3] Not having exhausted their administrative remedies, the plaintiffs can have no recourse as yet to the Superior Court. CT Page 202
"If the question has been entrusted to the arbitration tribunal, then the court should not rule upon the merits of the issue and it should not usurp the function conferred upon that tribunal by the parties to the agreement." Hartford v. Local 308,171 Conn. 420, 424-25 (1976). See United Steelworkers of Americav. American Mfg. Co., 363 U.S. 564, 569 (1960) (Brennan, J., concurring).
The plaintiffs nonetheless urge the court to take action, alleging that there is no adequate remedy at law because the list will expire before their grievance is decided. But in a case where the grievance was instituted before the expiration of an eligibility list, the state board has the authority to order a promotion from an expired list. Bridgeport v. Connecticut PoliceDepartment Employees Local 1159, 32 Conn. App. 289 (1993).
Therefore the court need not reach the merits of the plaintiffs' claims. The plaintiffs are left to their administrative remedies. The Application for Temporary Injunctive Relief is denied.
Patty Jenkins Pittman, Judge